## MELTON v. CAMP.

Testator died leaving his property to his wife for life or widowhood, and giving her power to dispose of it during such time, with remainder over, of all that might be undisposed of, upon her death to his lawful heirs, or, if she remarried, then to his lawful heirs including her as one of such heirs. *Held:* (1) that the widow took an estate for life or widowhood, and also a power of disposal; (2) that the testator's lawful heirs at the time of his death, other than his wife, took a vested remainder in the property, subject to be defeated by the widow's exercising her power of disposal, and subject, in the event she remarried, to having her included among the remaindermen; (3) that where one of such heirs died, after the testator died, and the widow subsequently died without having remarried or disposed of the property, children of such deceased heir could take only through him, and his interest was subject to the lien of judgments against his estate.

Submitted December 12, — Decided January 27, 1905.

Levy and claim.    Before Judge Butt.    Marion superior court. January 11, 1904.

*Cameron & Pinkston* and *W. D. Crawford*, for plaintiff.
*John C. Butt* and *J. J. Dunham*, contra.

SIMMONS, C. J.    Judgment was obtained and fi. fa. issued for about $475 against the administrator of the estate of W. T. Melton, deceased.    The estate being insolvent, the plaintiff in fi. fa. sued out summons of garnishment and had the same served upon the administrator de bonis non cum testamento annexo of Mitson Melton, deceased.    The garnishee answered that as administrator he had in his hands $140.29, arising from the proceeds of the estate of the testator, which was the amount W. T. Melton would have taken under the provisions of the will of the testator.    The garnishee further stated in his answer that the heirs of W. T. Melton claimed title to this fund, not subject to the lien of the judgment; and he prayed that these heirs be made parties.    Mrs. Ella Melton, the widow of W. T. Melton, and Mrs. Effie Camp, his daughter, claiming to be his only heirs at law, asked to be made parties and filed a claim to the fund in the hands of the garnishee.    They were made parties, but subsequently the name of Mrs. Melton was stricken and the claim allowed to proceed in the name of Mrs. Camp alone.    The case was submitted to the judge, without the intervention of a jury, upon the will of Mitson Melton and an agreed statement of facts.    The judge decided in

favor of the claimant, and the plaintiff in fi. fa. excepted. The will of Mitson Melton disposed of his property as follows: " I do hereby give and bequeath all my estate both real and personal, and all things to me belonging, to beloved wife Julian Melton, to be by her controlled, managed, and disposed of, with full power, liberty, and privilege of selling and buying, trading and trafficking, as seems right and proper to her, trusting all to her discretion as long as she remains a widow, or in case she should never marry any more, then during her natural life, and at any time while the property is under her control she may help any of the children that may marry and be in need, but this shall be at her discretion; but if she should marry again, then the entire remainder or balance of the property shall be equally divided among my lawful heirs, and she shall be entitled to receive an equal part with the other heirs, and at her death the entire balance or remainder shall be equally divided among my lawful heirs." From the agreed statement of facts it appeared that the testator, Mitson Melton, had died April 24, 1881, leaving his widow and eight children, one of whom was W. T. Melton; that the widow did not remarry, but died in March, 1902; that W. T. Melton died in November, 1901, leaving as his only heirs at law his widow and Mrs. Camp, the latter being his only child; that each of the distributive shares of the estate of Mitson Melton in the hands of the administrator at the time of the service of the summons of garnishment was $140.29.

We think that the court below erred in holding that Mrs. Camp was entitled to a share of the estate of her grandfather, free of the lien of her father's debts. The will is inartificially drawn, but its intention seems clear. The testator's widow took an estate for life or widowhood, and also a power of disposal. Indeed neither party to this case could travel except on the theory that the widow took such an estate and not a fee. The will expressly limits her estate to one for life or widowhood, and therefore the addition of the power of disposal does not enlarge this estate into a fee. Wooster v. Cooper, 53 N. J. Eq. 682; Payne v. Johnson, 95 Ky. 175; Shaw v. Hussey, 41 Me. 495. It is true the words, " as long as she remains a widow," and " during her natural life," follow the words giving the power of disposal; but this does not make them apply any the less to the estate given. They affected both the quantum

of interest in the estate and the power of disposal. Stuart *v.* Walker, 72 Me. 146, 39 Am. Rep. 311. A power is not property but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only. The gift of such power will not enlarge the life-estate previously given, but confers an authority in addition thereto. The widow, therefore, took an estate for life or widowhood.

The limitation over to the lawful heirs of the testator was neither an executory devise nor a contingent remainder. It was to a class, and the objects thereof must be determined in this case as of the time when such will took effect, that is, at the death of the testator. These objects were certain at that time when the widow's estate commenced, and there was some one to take possession eo instanti upon the termination of the particular estate. The remaindermen were certain, and the particular estate had to be terminated by a necessary event, the remarriage or death of the widow. There was therefore no contingency about the remainder, and there was nothing about the limitation over to make it conflict with the rules of law so as to require it to be construed as an executory devise. It is true the remainder might be defeated by the widow's disposing of the property, but this did not make it a contingent remainder in a legal sense. The persons to take were certain and ascertained at the time of the testator's death, and the happening of the event was necessary. The uncertainty as to the mere quantum of property to be possessed did not make the remainder contingent. The remainder was subject to be divested, in whole or in part, by the widow's disposing, during her widowhood, of the whole or some part of the property left by the testator; but this contingency did not deprive the remainder of its character as vested. Until the happening of the divesting contingency, the remainder had all the incidents of an indefeasible interest; and when the contingent event was no longer possible, the estate became absolute. *Sumpter* v. *Carter*, 115 *Ga.* 893. An able discussion of a will much like that here under consideration will be found in Burleigh *v.* Clough, 52 N. H. 267, 13 Am. Rep. 23. See also Wiley *v.* Gregory, 135 Ind. 647; Rail *v.* Dotson, 14 Sm. & M. 176.

The widow's estate could be terminated either by her death, in which case the heirs of the testator took all of the property that

was left, or by her remarriage. In the latter event the widow was entitled to share as an heir in the property remaining. This, however, did not change the character of the remainder left to the heirs at law of the testator. *Wilbur* v. *McNulty*, 75 *Ga.* 458. There was a vested remainder to them, but, in the event of her remarriage, the class was to enlarge to receive her and she was to share as one of the class. The particular estate was to end and she to take her place as one of the remaindermen. W. T. Melton was one of the heirs at law of the testator at the time of the latter's death. He was therefore one of the remaindermen and had a vested remainder in his pro rata part of the property devised, this remainder subject to be divested or defeated by the widow's exercising her power of disposal, and his pro rata interest subject to diminution by the widow, in the event of her marriage, being classed as one of the remaindermen. The widow died without having remarried, and some, at least, of the property remained undisposed of by her. The remainder had not been defeated by a disposal of the property and the property remaining went to the remaindermen. W. T. Melton had died prior to the death of the widow, but, as his remainder had been a vested one, his interest belonged to his estate. Mrs. Camp could take no interest in it under the will, but merely as one of the heirs of W. T. Melton, her father. As the property came through his estate, it was subject to the lien of the judgment against his estate, and the court below erred in holding that Mrs. Camp took it free of her father's debts.

> *Judgment reversed. All the Justices concur.*