IVEY *et al. v.* DAVIS *et al.*

No. 8686.   AUGUST 16, 1932.   REHEARING DENIED SEPTEMBER 22, 1932.

*Roy V. Harris* and *Park & Strozier,* for plaintiffs in error.
*Harris & McMaster* and *E. W. Jordan,* contra.

RUSSSELL, C. J. (After stating the foregoing facts.) In construing a will the prime essential rule, paramount and controlling, is to ascertain the intention of the testator and to give complete effect thereto. As sententiously said by Mr. Justice McCay in *Gibbon* v. *Gibbon,* 40 *Ga.* 562, 577, "it is in fact making a will for a man, to give to his words a meaning they did not have at the time they were written." Another rule as to the construction of wills (which was adopted for the purpose of aiding us in ascertaining the real intention of the testator as to disposition of his property after his death) is that any or all portion of the writing which is "within the four corners" of a will should be considered in order that the court may give effect to the entire testamentary scheme or plan devised by the particular testator in the circumstances at the time he made his will. From this arose the rule which in the construction of wills sometimes permits parol evidence, not for the purpose of altering the writing, but for the purpose of developing, in cases of doubt, the conditions or circumstances under which the testator executed the will, with a view to ascertaining what the words used by the testator at that time meant to him. In the case at bar Davis, the husband of one of testator's daughters who is dead (and who consequently is heir at law of his wife), claims a share of the property in the hands of the administratrix d. b. n. c. t. a., and this claim is contested by the heirs of the testator. The question at issue in this case is whether the devises in favor of his daughters and their children convey vested remainders or merely contingent—that is dependent upon contingencies which may or may not occur. The

definition given in the old case of *Griswold* v. *Greer,* 18 *Ga.* 545, 549 is: "A contingent remainder is one which is limited to take effect on an event or condition which may never happen or be performed, or which may not happen or be performed until after the determination of the preceding particular estate." Davis as heir-at-law of his wife is entitled to whatever property his wife left at the time of her decease; but if she died having at that time a mere expectancy in the estate of her father, contingent on the occurrence of events which the husband and father foresaw and to which the testator in his will intentionally referred, the devise being contingent is not heritable.

In *Darnell* v. *Barton,* 75 *Ga.* 377, it was held: "A will contained the following bequest: 'All my property, both real and personal, or whatever kind it may be, to my beloved wife, Jane Barton, for and during her natural life; and after the death of my said wife, I direct that all the remainder of my said property be sold by my executors and be equally divided among my children; and in the event that any of my children should die prior to the death of their said mother, leaving a child or children living, then I desire said child or children so left should stand in the place of its or their deceased parent, and heir a child's part; that is, the part that the deceased parent would have taken if living.' *Held,* that the remainder left by such will was contingent; and the widow of a son of the testator, who died childless before the widow of the testator, would not take any interest under the will." In the opinion delivered by Chief Justice Jackson it was said: "The husband of the plaintiff in error was one of the sons of the testator, who died before his mother died, and left no child. We think that his interest in the remainder was contingent on his surviving his mother, or his children's doing so, if he had any, to take his share. Really the contingency is double. It is only the remainder or residue of the estate, not consumed by the wife of testator, which was to be sold by the executors, and the proceeds of that residue divided. At the mother's death, and not before, could the estate bequeathed in remainder be ascertained so as to be sold and divided. The remainder was contingent on what the life-tenant did not consume, and the executors of the will were then to ascertain it, sell it, and divide it. The thing itself bequeathed, therefore, is contingent on what was left by the widow. What was to be done with that? If all of

his children survived the mother, he directed the executors to divide the proceeds among them thus surviving her; if any died before, they took nothing." In *Dismukes* v. *Bagley,* 165 *Ga.* 665 (141 S. E. 902), which concerned bequests to grandchildren, and in which the court held that the testator's grandchild whose interest was involved took a contingent and not a vested estate in remainder, Mr. Justice Atkinson, delivering the opinion of the court, said: "The amount of interest that any grandchild could take would be uncertain until the death of the testator's wife. The bequest was to children of children of the testator, as a class, that is, to children as a class of Elisha Paul Dismukes Jr. by his wife, Helena Morrisette Dismukes, representing one branch of the class, and to children of Robert Ernest Dismukes and his wife, Leonora Swift Dismukes, representing the other branch of the class, 'except that should any of said grandchildren marry and afterwards die before the division or distribution of said bonds, leaving a child or children, the share of said bonds that would belong to such deceased grandchild, if living, shall be given to the legal guardian of the heirs of such grandchild.' The words above quoted, considered with their context, show a testamentary intention to provide for great-grandchildren the existence and ascertainment of whom could not be determined until arrival of the time for distribution of the estate in remainder at the death of the testator's widow. Until that time it could not be ascertained whether B. L. Dismukes would then be in life or whether he would have children. This would produce a contingency as to the person who would take in remainder; and consequently the estate which B. L. Dismukes might derive under item 4 of the will would be contingent, and would not be a vested remainder. *City Council of Augusta* v. *Radcliffe,* 66 *Ga.* 469, 472; *White* v. *Rowland,* 67 *Ga.* 546, 554 (44 Am. R. 731); *Darnell* v. *Barton,* 75 *Ga.* 377; *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46); *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177); *Lane* v. *Patterson,* 138 *Ga.* 710 (2) (76 S. E. 47); *Murphy* v. *Murphy,* 151 *Ga.* 438 (107 S. E. 37); *Harris* v. *McDonald,* 152 *Ga.* 18 (108 S. E. 448); *Burton* v. *Patton,* 162 *Ga.* 610 (134 S. E. 603)."

In *Watson* v. *Adams,* 103 *Ga.* 733 (30 S. E. 577), this court, construing the item, "My son, Robert I., whose whereabouts is not now known to me, and in case my wife should survive him, my will is that his daughter Laura shall be sole heir to his portion of my

estate," held "that the son, Robert I., took under the will only a contingent fee in remainder to his share of the land, which was not subject to levy and sale." In *Crawford* v. *Clark,* 110 *Ga.* 729, 738 (36 S. E. 404), it was held: "According to the spirit of the early English decisions and of our own cases, such as *Vickers* v. *Stone,* 4 *Ga.* 461, there is no doubt that the term 'surviving children' included all the children of the testator who survived him, other than the daughter who was described as the life-tenant. At the same time, there is also no doubt that as their estate was wholly dependent upon the life-tenant dying without children, which was upon an uncertain event, they took a contingent estate which vested, not at the death of the testator, but at the death of the life-tenant without children then living. . . The bequest is an executory or future estate, and not an executed or present one. . . Therefore an executory bequest is such a disposition of personalty or money by will that thereby no estate vests at the death of the testator but only on some future contingency. That a devise or bequest to A for life, and after her death to the testator's 'surviving children,' would give the surviving children a vested remainder from the death of the testator (*Vickers* v. *Stone,* supra), has nothing to do with the *time of vesting* applicable to this case, which has an intermediate bequest between the life-estate and the ulterior contingent bequest to the surviving children."

The court erred in construing the will, and in rendering a decree in accordance with such construction.

*Judgment reversed.   All the Justices concur.*