McMILLAN *et al. v.* McCoy, administrator.

ATKINSON, J. 1. "When called upon to construe a will, the court may hear parol evidence of the circumstances surrounding the testator at the time of its execution; so the court may hear parol evidence to explain all ambiguities, both latent and patent." Civil Code, § 3901.

2. The parol evidence objected to was in accord with the intention of the testator as expressed in the will. It follows the court did not err in overruling a motion to exclude such testimony on the ground that parol evidence was not admissible to add to or vary the terms of the will under consideration; that the evidence sought to be admitted would add to or vary the terms of the will as written and probated; that the will was not ambiguous, and, regardless of whether there was an ambiguity in the instrument, the effect of the testimony was not to show the intention of the testator from the language used, but to create a bequest or devise by parol; that the evidence was irrelevant and immaterial and not admissible, for each of the reasons named, and the admission of the parol testimony offered would be illegal and contrary to law.

3. The natural and reasonable presumption is that when so solemn and important an instrument as a will is executed, the testator intends to dispose of his whole estate, and does not intend to die intestate as to any part of his property, which presumption is overcome only where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied. *Glore* v. *Scroggins,* 124 *Ga.* 922, 924 (53 S. E. 690).

4. The court did not err in holding that under a proper construction of the will it was the intention of the testator to dispose of all of his property to the persons named in the will, to the exclusion of his son; that there was no intestacy as to any of the property belonging to the estate of the testator, upon which the garnishment proceedings could operate; and that the son did not take any interest in any of the property of the testator as an heir at law of his father. This case differs on its facts from *Hill* v. *Hill,* 161 *Ga.* 356 (130 S. E. 575).

*Judgment affirmed.* *All the Justices concur.*

No. 8803. SEPTEMBER 14, 1932. REHEARING DENIED SEPTEMBER 27, 1932.

702

*W. S. Northcutt* and *George P. Whitman,* for plaintiffs.
*Mozley & Gann,* for defendant.