BIENVENU *v.* FIRST NATIONAL BANK OF ATLANTA, executor.

No. 13863. OCTOBER 16, 1941. REHEARING DENIED NOVEMBER 13, 1941.

*Hirsch, Smith, Kilpatrick, Clay & Cody,* and *Devereaux F. Mc-Clatchey,* for plaintiff.

*Arnold, Gambrell & Arnold,* for defendant.

GRICE, Justice. ■ Mrs. Clarke's conveyance recited that it conveyed "to her daughter, Mrs. Julia C. Cohen, a life-estate, and to such children of the said Mrs. Cohen as she may leave surviving her the fee-simple interest in remainder after the termination of the life-estate." Mrs. Cohen died, leaving surviving her one child, Mrs. Bienvenu. The property described in the deed fronted on both Peachtree and Juniper Streets in the City of Atlanta. There was nothing in the instrument to enlarge the character of the estate which went to Mrs. Cohen, expressly limited as it was to a life-estate, unless it was the following, which was contained in a subsequent portion of the deed: "The power to sell or encumber that part of the above-described property which fronts on the west side of Juniper Street and extends back westwardly to a depth of 210 feet, more or less, is hereby given to and vested in the said Julia C. Cohen, and in the exercise of said power the said Julia C. Cohen is hereby authorized and empowered to convey the entire fee-simple title thereto by her deed alone, either in the matter of a sale or otherwise." The primary question to be determined is, what was the character of Mrs. Cohen's estate created in that part of the property which will be referred to as the Juniper Street frontage. Omitting for the moment the latter of the two above quoted provisions of the deed, the estate of Mrs. Cohen by the express terms of the conveyance was limited to a life-estate, the

remainder estate being granted to Mrs. Bienvenu. The general rule is that where an estate is expressly given for life, with an added power of disposal conferred upon the life-tenant, this does not enlarge the life-estate into an estate in fee. 21 R. C. L. 776, § 5; Warren *v.* Ingram, Ann. Cas. 1912B, 422, 424, note (96 Miss. 438, 51 So. 888). A contrary rule prevails only where there is a grant or devise of an estate generally, or indefinitely, with a power of disposition over it, unless the power be necessarily inconsistent with an ·estate for life only. *Cook* v. *Walker,* 15 *Ga.* 457; *Wetter* v. *Walker,* 62 *Ga.* 142. The first of the two decisions last cited lays down the doctrine that whenever an estate is given, in Georgia, either by deed or will, to a person generally or indefinitely, with the unlimited power of disposition annexed, it invariably vests the absolute fee in the first taker, and then declares: "The only exception to the rule, thus broadly stated, is, where the donor or testator gives to the first taker an estate *for life only,* by certain and express words; and annexes to it a power of disposal. In that particular and special case it has been held, and the better opinion seems to be, that the donee or devisee for life will not take an estate in fee, notwithstanding the distinct gift of the power of disposition. And by carefully marking this distinction, there will be found to be no confusion or collision in the authorities, upon this subject. Jackson *vs.* Robins, 16 Johns. 537." The italicized words so appear in the original text, which cites American and English cases in support of it. In *Wetter* v. *Walker,* 62 *Ga.* 142, 144, it is written: " 'A devise of an estate generally, or ·indefinitely, with a power of disposition over it, carries a fee. But where the estate is given for life only, the devisee takes only an estate for life, though a power of disposition, or to appoint the fee by deed or will, be annexed; unless there should be some manifest general intent of the testator which would be defeated by adhering to this particular intent. Words of implication do not merge or destroy an express estate for life, unless it becomes absolutely necessary to uphold some manifest general intent.' 4 Kent's Com., 319. 'So, if an estate be given to a person generally, or indefinitely, with a power of disposition, it carries a fee; unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case, the express limitation for life will control the operation of the

power, and prevent it from enlarging the estate to a fee.' Id. 536; 15 *Ga.* 457; 2 Ib. 307; 2 Strobart's Eq., 134." See also *Nort* v. *Healy Real Estate Co.,* 136 *Ga.* 287 (71 S. E. 471). Many authorities pointing out the distinction dealt with above are cited in the notes to the following cases: National Surety Co. *v.* Jarrett, 95 W. Va. 420 (121 S. E. 291, 36 A. L. R. 1171) ; Quarton *v.* Barton, 249 Mich. 474 (229 N. W. 465, 69 A. L. R. 820) ; Hutchinson *v.* Arnt, 210 Ind. 509 (1 N. E. 2d, 585, 108 A. L. R. 542) ; Williams *v.* Coldwell, 172 Tenn. 214 (111 S. W. 2d, 367, 114 A. L. R. 946). See also 19 Am. Jur. § 121. In holding, as this court does, that, the estate granted to Mrs. Cohen being expressly limited to a life estate, the effect of the power to sell does not increase such estate into a fee, we follow the general rule laid down in the Code, § 85-503, which in part declares: "If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee," and the other rule that, "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." § 29-109. The two clauses, however, are not regarded as inconsistent. Mrs. Cohen held only a life-estate, but was empowered to sell the Juniper Street frontage, even though this right to sell, if exercised, deprived the remainderman of the right of possession and enjoyment thereof after the expiration of the life-estate of her mother. Nothing to the contrary of what is here decided was ruled in any of the following cases, cited and discussed by counsel for the defendant in error: *Cochran* v. *Groover,* 156 *Ga.* 323 (118 S. E. 865) ; *Taylor* v. *Phillips,* 147 *Ga.* 761 (95 S. E. 289) ; *Comer* v. *Citizens & Southern National Bank,* 182 *Ga.* 1 (185 S. E. 77) ; *Bleckley* v. *Bleckley,* 189 *Ga.* 47 (5 S. E. 2d, 206).

We need not consider what would be the rights of the remainderman, if any, with respect to the sum of money which came into the possession of the life-tenant as the result of this sale, and which was retained by her until her death, if the instrument had expressly provided for the life-tenant to use the proceeds of the sale, or to encroach upon the corpus for her maintenance and support; for no such provision is contained in the deed. The case is here on demurrer, and we deal with it as made by the petition. On an examination of the instrument as a whole, in connection

with the allegations contained in the petition, it must be held that the power of sale did not enlarge the estate created for Mrs. Cohen under the deed, which was expressly limited by its terms to a life-estate; and that the grantor did not intend to give her the right to dispose of the fee in a portion of the property without any liability attaching to the personal representative of her estate to account to the remainderman for the purchase-money which came into her hands as a result of the sale and which was retained by her until her death.

The petition alleges that upon the death of Mrs. Cohen the bank as her executor took over her entire estate, including the funds and money which came into her possession as the purchase-price of the property sold under the power; and that by reason of the facts heretofore recited the estate is impressed with a trust in favor of the plaintiff, the remainderman, in the amount of fifteen thousand dollars so received by Mrs. Cohen and retained by her until her death. It is pointed out by counsel for defendant that no trustee was named in the deed, no duties whatever were placed upon Mrs. Cohen with reference to the use of the property, no obligation placed upon her to preserve or hold in trust the money received from the sale of the Juniper Street side of the property which she was empowered to sell, and not the slightest suggestion that the sale of the property would create a trust fund. It is true that none of these things was done eo nomine; but when Mrs. Clarke by deed granted a life-estate only to Mrs. Cohen, with a remainder over, her relation to the remainderman became to a certain extent at least a fiduciary one, and has been frequently termed an implied or quasi trusteeship. 17 R. C. L. 626, § 15. Appended to the case of Peak v. Peak, 137 Am. St. R. 638, there is a collection of authorities treating, as was done in that case, the life-tenant as a quasi trustee for the remainderman, the editorial note stating that "The terms 'trustee' and 'quasi trustee' are to be found running through the cases; and though it has not passed unquestioned, the greater weight of authority is in so classing it."

Because of the duty resting on the life-tenant to preserve and protect the estate in remainder, the relation of the life-tenant to the remainderman has been recognized by this court to be a certain extent a fiduciary one and termed an implied or quasi trusteeship. Barmore v. Gilbert, 151 Ga 260, 262 (106 S. E. 269, 14 A. L. R.

1060); *Clark* v. *Leverett,* 159 *Ga.* 487, 492 (126 S. E. 258, 37 A. L. R. 180). As was said by this court in *Melton* v. *Camp,* 121 *Ga.* 693, 695 (49 S. E. 690), repeated in *Willie* v. *Hines-Yelton Lumber Co.,* 163 *Ga.* 64, 66 (135 S. E. 505), "A power is not property but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only."

Where remainders are subject to be divested, in whole or in part, by a disposition of the whole or some part of the property, this contingency does not deprive the remainder of its character. *Melton* v. *Camp,* 121 *Ga.* 693 (49 S. E. 690); *Cochran* v. *Groover,* 156 *Ga.* 323, 332 (118 S. E. 865); *Walters* v. *Walters,* 163 *Ga.* 884, 890 (137 S. E. 386). The existence of the power to dispose of the fee did not enlarge the life-estate into a fee. Barton *v.* Barton, 283 Ill. 338 (119 N. E. 320); Olson *v.* Weber, 194 Iowa, 512 (187 N. W. 465, 27 A. L. R. 1370). It must follow that Mrs. Cohen's power to sell a portion of the property in which her estate was expressly limited to one for life did not include the further power to destroy the interest of the remainderman in the proceeds of the sale.

If these several postulates be sound, then it must follow that the petitioner is entitled to the relief prayed for. The author of Kale on Estates and Future Interests (2d edition), § 650, states as a conclusion the following: "Where the life-tenant has power to dispose of the fee by sale, his power to use up the proceeds of sale must be expressly given, or he will hold the proceeds in trust to invest, use the income, and pay over the principal to the remainderman. Thus, where the donee of the power was entitled to sell for her 'comfort and convenience,' she could use up the proceeds for that purpose. Where the donee merely had the power to sell, she was obliged to hold the proceeds for herself for life, and then pay over the principal to the remainderman." While the precise question here involved has never heretofore arisen in this court, an examination of the authorities, some of which are next above cited, shows that the rule laid down by Kale, supra, rests upon reason as well as authority. We hold that the petition in the instant case stated a cause of action.

■ The five thousand dollars was received by Mrs. Cohen during the month of October, 1923, the ten thousand dollars on April 30, 1925. So long as she lived no conversion occurred, be-

cause said sums represented the proceeds of the sale of the property in which she was granted a life-estate. She had the right to the use of the money during her life. It is alleged that she died on December 29, 1940, and that on her death the defendant bank as executor took over the entire estate of Mrs. Cohen, including the moneys aforesaid. The petition was filed on March 19, 1941. A suit by the remainderman against the executor, seeking a recovery of the fund with profits and issues therefrom, after the death of Mrs. Cohen, with an alternative prayer that petitioner have judgment for the fifteen thousand dollars, with interest from the date of the death of Mrs. Cohen, is not barred by the four-year statute of limitations.

The petition was further demurred to on the ground that any right of action as for conversion of the funds would be in the grantor, Mrs. Clarke, or her personal representative. The position is untenable. Mrs. Clarke's interest ceased upon the execution and delivery of the deed, and thereupon the remainder interests began. Mrs. Bienvenu under the allegations of the petition was the proper person to bring the suit, because the right of action was hers.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Bell, J., disqualified.*