ARMSTRONG *v.* MERTS, executor, *et al.*

No. 15828.   JUNE 10, 1947.   REHEARING DENIED JULY 11, 1947.

*Robert B. Blackburn,* for plaintiff.

*Mary J. Nelson* and *William F. Buchanan,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■ There is no merit in the contention that the court was without authority in passing upon the demurrers to construe the will of the testator. These demurrers ·challenged the correctness of the construction which the plaintiff alleged should be given to the will. The petition raises only legal questions concerning the will, and

such issues should be settled by demurrer. Code, § 81-303. In *Gilmore* v. *Gilmore,* 197 *Ga.* 303 (29 S. E. 2d, 74), which was a case involving the construction of a will where the issues were made by petition and demurrer, the court construed the will, and Mr. Justice Wyatt, speaking for this court said: "A construction of the will of George W. Gilmore will determine the correctness of the trial judge's ruling on the general demurrer." Another case where a construction of a will was made by the trial judge upon a hearing of the demurrers and amended demurrers to an amended petition—the same situation which we have in the instant case—is *Trustees of the University of Georgia* v. *Denmark,* 141 *Ga.* 391 (81 S. E. 238). In the instant case, the trial judge not only passed upon the demurrers, but construed the will with reference to the several matters about which the plaintiff alleged that she and her coexecutors were in disagreement.

■ Error is assigned upon the ruling of the trial judge with reference to the different capacities in which the plaintiff brought her petition. The court held that the plaintiff could maintain her bill against her two coexecutors in her representative capacity as executrix, but not in her individual capacity as legatee, widow, and sole heir at law of the testator; but, since she had a manifest interest in the subject-matter of the bill, a decree would also adjudicate her claim as legatee, widow, and heir at law. "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403. "In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excess caution." § 37-404. Under this section, an executor may bring a petition for construction of a will although such executor may be a legatee thereunder. *Watts* v. *Finley,* 187 *Ga.* 629 (1 S. E. 2d, 723). In *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227), this court held: "The petition in this case is not maintainable as one merely for the construction of a will; for, under § 4597 of the Code of 1910 [§ 37-404, Code 1933], only the representative of the

estate may ask for the direction of a court." "One of two executors of an estate can not maintain suit in his individual capacity against the other, as executor." *Williams* v. *McHugh*, 17 *Ga. App.* 59 (2) (86 S. E. 272). We think that the court properly held that the plaintiff could not maintain the present proceeding in her individual capacity, but only as representative of the estate, where she was one of the three representatives.

■ The court properly held that the certificates received by the representatives of the testator's estate from two stock dividends declared by R. S. Armstrong & Bro. Company attached to and became a part of the corpus of the estate, and that a cash dividend received from the same source was income or earnings of the estate from which the executrix and executors should pay the monthly allowance provided by the will for Mrs. Armstrong. These dividends were received because the estate owned half of the stock in R. S. Armstrong & Bro. Company. The Code, § 85-605, declares: "The natural increase of the property shall belong to the tenant for life. Any extraordinary accumulation of the corpus— such as issue of new stock upon the share of an incorporated company—shall attach to the corpus and go with it to the remainderman." And, in this connection, see also *Jackson* v. *Maddox*, 136 *Ga.* 31 (70 S. E. 865, Ann. Cas. 1912B, 1216); *McHenry* v. *McHenry*, 152 *Ga.* 105 (108 S. E. 522); *Wood* v. *Davis*, 168 *Ga.* 504 (148 S. E. 330); *Citizens & Southern National Bank* v. *Fleming*, 181 *Ga.* 116 (181 S. E. 768). In *McHenry* v. *McHenry*, supra, this court said: "The view taken by the Massachusetts courts has been followed in a number of jurisdictions; and in Georgia the substance of the rule has been enacted by statute [Code, § 85-605]. It follows that where this rule obtains, regardless of the time the profits out of which they are made accumulate or were earned, all stock dividends are to be considered as capital belonging to the remainderman, and all cash dividends are to be regarded as income belonging to the holder of the life term."

With respect to these receipts, the court held that they became a part of the estate to be administered by the three representatives under the terms of the will, and there was no intestacy as to them. In this ruling we are fully prepared to agree with the trial judge. "The natural and reasonable presumption is that when so solemn and important an instrument as a will is executed, the testator

intends to dispose of his whole estate and does not intend to die intestate as to any part of his property, which presumption is overcome only where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied." *Glore* v. *Scroggins,* 124 *Ga.* 924 (53 S. E. 690). As we look at the will, we think that it·was clearly the intention of the testator to dispose of his entire estate thereby, and from the income, so long as it was sufficient, pay his widow a monthly allowance of $400. We shall deal with the question of the disbursement of surplus income in another division of this opinion.

■ In *McGinnis* v. *Foster,* 4 *Ga.* 378, Lumpkin, J., delivering the opinion said: "It has been said that no case upon a will has a brother, such is the endless diversity of language employed by persons in the final disposition of their effects." It has often ·been said that as all wills differ, each is a law unto itself and must be construed according to its own terms. *Cook* v. *Weaver,* 12 *Ga.* 47; *Sumpter* v. *Carter,* 115 *Ga.* 896 (42 S. E. 324, 60 L. R. A. 274). The first and foremost consideration always in construing wills is to ascertain and give effect to the intention of the testator as expressed in the whole will, provided it is not inconsistent with the law. *Gilmore* v. *Gilmore,* supra; *Edmondson* v. *Dyson,* 2 *Ga.* 307, 312; *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Ivey* v. *Davis,* 175 *Ga.* 607 (2) (165 S. E. 605); *Comer* v. *Citizens & Southern Nat. Bank,* 182 *Ga.* 1, 5 (185 S. E. 77). This oft-repeated maxim and·guide governing construction must here again be recognized and resorted to. Since the intention of the testator, as expressed by his will, must be gathered from looking at the will as a whole, was the trial judge authorized to find, ·as he did in the construction he placed upon the will involved, that it was the intention of the testator that no distribution of his estate was to be made during the life of his widow, except the monthly allowance he provided for her under the terms of his will and necessary expenses of administration? We think that the judge was. The testator knew, as the petition shows, what the income of his estate had been for some time prior to the making of his will, and it may be assumed that he could reasonably anticipate the necessities of his widow. So far as the record here discloses, the representatives of the estate were in agreement as to the terms of the will for about twenty-three years after it was

probated. During that period the income received by them was slightly in excess of necessary expenses and the $400 payable monthly to Mrs. Armstrong under Item 1 of the will—in fact during that period only about $4200 had accumulated from normal income. Mrs. Armstrong had received, as the petition shows, her $4800 per annum, or the approximate sum for the entire period of $110,000. Except as to this and the payment of necessary expenses of administration, no other distribution of the estate had been made or requested by any of the legatees. It would therefore seem that the receipt of the stock dividends and the cash dividend of $10,000 provoked the present controversy. It is not contended that any part of the corpus of the estate should now be disbursed. There is no controversy between the representatives about this, and since the stock dividends attached to and became a part of the corpus of the estate, we think it unnecessary to examine the will further for the purpose of ascertaining the intention of the testator relating thereto. But what was the intention of the testator as expressed by his will, or as must necessarily be inferred therefrom, as to the disbursement of the income of the estate? In the construction of the will the trial judge found that it was the intention of the testator that there should be no distribution of the estate, so long as the widow was in life, except her monthly allowance from the estate and expenses of administration, and after we have carefully examined the will we think that he was correct. The testator expressly provided in his will: "I hereby give and bequeath to my beloved wife, Georgia C. Armstrong, an income from all property I leave, of four hundred dollars ($400) a month, which income shall be a first claim and lien superior to all other claims and liens on said property, and shall be paid before any other distribution is made of my estate, which income shall continue as long as my said wife lives. Said income shall be free from all expenses and liens of every kind and free of all taxes." To be doubly certain that he had provided a net monthly income of $400 for his widow so long as she might live, he further provided by item 4 that, if the earnings and income of his estate should be insufficient to pay the amount, then enough of his estate should be sold to pay it and the two coexecutors named with his wife as representatives of the estate were expressly divested of discretion as to whether to make such sale. We think that it was

clearly the desire of the testator that the corpus of his estate should be held together for the benefit of his nephews and nieces if possible, and that it was his intention that no distribution of the income be made periodically, but that it be held together by his representatives as a fund for the payment of the monthly amount provided for his wife. Had his intention been otherwise, we do not think that he would have employed the words used in item one "and shall be paid before any other distribution is made of my estate." It is our view of the case that the testator provided for his widow in keeping with conditions and the income of his estate at the time the will was made, and not in anticipation of the times during which the unusual and abnormal earnings came to his estate.

■ George A. Hendry Jr., one of the beneficiaries named in the will died after it was probated. The plaintiff contends and insists that the court should so construe the will as to hold that any interest which he may have received under the will lapsed and reverted to the estate of the testator; that as to this interest an intestacy resulted; and that the plaintiff is entitled to take the same as widow and sole heir at law of J. P. Armstrong. In dealing with this contention, and in construing the will as relating to this issue, the court held that Hendry took a present interest in one-fifth of the testator's entire estate at the time of his death, and a vested remainder interest in one-fourth of that part of the estate given to his widow for life, but subject to all the provisions and terms of items 1 and 2 of the will; and that, upon his death, his interest passed to his heirs at law or legatees as the case may be, but subject, of course, to the charges made upon the estate by items 1 and 2 of the will. We think that the trial judge correctly construed the will as to the estate which Hendry Jr. took under the will and as to whom his interest passed upon his death. .

■ Since the will gave the surviving legatees, the testator's nephew and two nieces, the same interest in his estate which it gave to George A. Hendry Jr., it follows from what we have said in division 4 of this opinion that their estate would not lapse and revert in the event they, or any of them, should not survive Mrs. Georgia C. Armstrong, and the construction of the will relating thereto was a proper one.

"Subject to said income in item 1 hereof and subordinate thereto," the testator gave all of his real and personal property equally to his wife and four named nephews and nieces. The one-fifth given to his wife was for life with remainder over to the other four named beneficiaries. With reference to this bequest, the will contained this language: "This item is conditioned upon the paying by said devisees, or by R. S. Armstrong & Bro. Company, all physicians' bills and funeral expenses connected with the sickness and death of my said wife, Georgia C. Armstrong, and myself." The plaintiff contended that the court should construe the will so as to hold that the condition rendered the will "nugatory and insufficient in law to pass any present title in and to the properties of the deceased," because it imposed a condition impossible of performance," in that Mrs. Georgia C. Armstrong, one of the devisees named in said order, would in law and in fact be deceased at the time of the contemplated vesting of the estate attempted to be created." The court, we think, properly construed the will by holding that this provision was not a condition precedent to the vesting of an estate in the devisees or one which would defeat a vested estate, but created a charge upon the estate which would follow it. The will provided that these expenses should be paid by the devisees or R. S. Armstrong & Bro. Company. To us it seems very clear that it was the intention of the testator to charge the estates created by his will with these items of expense. There is nothing in the will intimating that it was the intention of the testator for a forfeiture to result from the failure of the devisees to pay these items of expense. In *Maynard* v. *Zellner,* 151 *Ga.* 72, 79 (105 S. E. 837), this court said: "There is nothing in the codicil intimating or indicating a forfeiture of the devise on failure of the devisees to pay the difference between the value of their distributive share and the value of the devise, which had been fixed by the testator himself. Even if the language in the codicil is held to be a condition precedent, without any express or necessary implication that its breach shall work a forfeiture of the estate, there are authorities which hold that such language should be regarded as creating a charge or trust upon the land or fund, to be enforced as other charges and trusts, and not as a limitation upon the estate devised. 40 Cyc. 1697 e; *Prince* v. *Barrow,* 120 *Ga.* 810 (2), 817, 820 (48 S. E. 412). In

the latter case it was said by Fish, P. J.: 'The general rule is, that when a testator gives property to one person with or upon condition that such person shall give a designated portion of such property or its proceeds to another person, a noncompliance with the condition by the immediate devisee or legatee does not work a forfeiture of the estate created by the will.' See also 40 Cyc. 2034 c." The will here involved contains no language which would indicate that it was ever the intention of the testator for the estates created by his will to be forfeited by noncompliance with the condition stated in the will.

It follows from what has been said in the foregoing divisions of this opinion that the court properly construed the testator's will.

*Judgment affirmed. All the Justices concur.*