KEEN *v.* RODGERS, executor, *et al.*

JENKINS, Chief Justice. 1. "The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman. Remaindermen, at the termination of the life estate, may take possession immediately." Code, § 85-709.

2. "A tenant in common need not join his cotenant, but may sue separately for his interest, and the judgment in such case shall affect only himself." Code, § 3-111.

3. An action in the nature of an accounting lies to recover personal property limited over by way of remainder. 33 Am. Jur. 708, § 221; *Bienvenu* v. *First Nat. Bank of Atlanta*, 193 *Ga.* 101 (2) (17 S. E. 2d, 257).

4. In the instant case, under the terms of the codicil, the estate of the widow in all of the personal property was plainly and by express terms three times limited to a life or widowhood estate. The question is whether or not there be other language which, when taken in connection with the action by the widow, can be taken to enlarge such limited estate into a fee.

5. "The general rule is that where an estate is expressly given for life, with an added power of disposal conferred upon the life tenant, this does not enlarge the life estate into an estate in fee." *Bienvenu* v. *First Nat. Bank of Atlanta*, 193 *Ga.* 101, citing 21 R. C. L. 776, § 5; Warren *v.* Ingram, 96 Miss. 438 (51 So. 888, Ann. Cas. 1912 B, 422, 424). This is true because "A power is not property but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only. The gift of such power will not enlarge the life estate previously given, but confers an authority in addition thereto." *Willie* v. *Hines-Yelton Lumber Co.*, 163 *Ga.* 64, 66, 67 (135 S. E. 505), citing *Melton* v. *Camp*, 121 *Ga.* 693 (49 S. E. 690).

6. Every will being *sui generis,* the controlling intention of the testator must be arrived at by the particular language employed in each particular case. Here, there might perhaps be doubt as to whether or not the testator after unmistakably limiting the estate in the personalty to the widow for her life or widowhood, intended by the power and authority conferred merely to authorize her to use, manage, and control the property as she might desire with the right in her own person to change the form of investment; or whether it went further, in that it also authorized her to encroach upon the corpus by an actual consumption of any or all such personal assets for her support, in the event she should so desire, with a remainder over only in the unconsumed portion. This a testator may do, should he thus provide. *Stark* v. *Chambers*, 140 *Ga.* 601 (1) (79 S. E. 535); *Goza* v. *Steele*, 158 *Ga.* 97 (122 S. E. 607). A determination of this latter question, however, is not called for under the record here presented, since it is averred in both counts of the petition by the alleged remainderman that none of the personal estate was in fact consumed—the first count alleging that it all remained as the testator left it; the second count, that, while commingled with her own private assets, it remained intact at the time of her death, in substituted investments. The only question, therefore, is whether, construing the language of the will, the legacy with respect to the personalty amounted to an estate for life or widowhood, or whether the additional provisions, taken in connection with the alleged acts of the widow, operated to enlarge such estate into a fee.

7. Assuming that the terms of the will, as clarified by codicil, did in fact confer the power of private sale of the whole title to the personalty, and such power was not limited to mere control and management (as in *Belt* v. *Gay*, 142 *Ga.* 366, 82 S. E. 1071), it is the rule that such a power will be strictly construed when its exercise would operate to cut out a clearly established remainder estate. *Cochran* v. *Groover*, 156 *Ga.* 323 (4) (118 S. E. 865). In this case, as already indicated, the terms of the will leave no possible doubt that it was the intention of the testator that a remainder estate was created in favor of the children after the death or remarriage of the widow. Three times is such a provision clearly set forth; the codicil after clearly setting up such an estate, in order to make assurance doubly sure, concluding with these words: "It being my intention that my said wife shall have a life estate in all of said property during her widowhood." Even if the words, giving the "right to sell and dispose of any of the personalty that I may die possessed of

and use the money as she desires," should be taken as authorizing, not only a discretionary power to pass title to the property, but also as permitting an encroachment upon the corpus, this would not operate to destroy the clearly established remainder estate in such property as was not thus actually consumed.

(a) The two decisions rendered by this court which are strongly relied upon by counsel for the defendant in error do not afford authority for a contrary holding. In *Comer* v. *Citizens & Southern National Bank,* 182 *Ga.* 1 (185 S. E. 77), certain property was devised in trust for two sons; one half to be delivered to them as they respectively attained the age of twenty-one, the other half upon attaining the age of thirty-one. This court held that the portion of the estate thus going to one of the sons—under a provision that it "be used and disposed of by him during his life as he may see proper; but in case such male child dies without issue, or lineal heirs *then* living [italics ours], his share shall go to his surviving brothers and sisters"—did not prevent such son from conveying the fee during his lifetime. In that case the court held that the estate under the will which the son took was a fee. It called particular attention to the fact that nowhere in the will was any language employed calling the interest of the sons a life estate, although such was the case with respect to the shares going to the daughters. The decision pointed out that the words giving the son's share to the other children if he should die without issue had reference to his thus dying before the death of the testator. Clearly this was a natural and precautionary provision to make. It thus appears that in the *Comer* case, the court held that no life estate was created at all, and for that reason no remainder interest existed.

The other decision by this court which the defendant in error strongly relies on 'in his brief is *Huff* v. *Yarbrough,* 138 *Ga.* 613 (75 S. E. 662). The deed there provided that the grantor's wife should "have the property as aforesaid, with all the rights and privileges belonging thereunto, for the support of the said Mrs. Martha Huff; . . and should there remain any property real or personal at the death of the said Mrs. Huff, the same shall be divided equally between James Huff and Mary Ragsdale." The court there simply held that "under the terms and provisions of the instrument set forth above, Mrs. Martha Huff had authority to consume the entire estate for her support, the corpus as well as the income, and that a sale of the land for that purpose by her and a conveyance executed in pursuance thereof divested James Huff and Mary Ragsdale of any interest they might have had in the land."

8. Under the rulings above made, since the will in the instant case expressly and clearly provided a life or widowhood estate to the widow with remainder over to the children, and since the petition by one of the remaindermen alleges by one count that all of the property thus impressed with the limitation over was retained by the widow until her death, and by the other count that none of such property had been consumed, but that, though commingled with her own personal funds, all remained in the form of substituted reinvestments, each of the counts, asking for an accounting from the executor of the widow, set forth a good cause of action and it was error to dismiss on demurrer either or both.

*Judgment reversed.  All the Justices concur, except Bell, J., not participating.  Duckworth, P.J., concurs in the judgment of reversal, but dissents from the rulings as to count two of the petition.*

No. 16116.   APRIL 16, 1948.

*Franklin, Eberhardt & Barham,* and *Hoyt H. Whelchel* for plaintiff.

*J. O. Gibson, Waldo DeLoache,* and *John T. Coyle,* for defendants.