SCHRIBER *v.* ANDERSON, executor, *et al.*

HEAD, Justice. 1. "The presumption that one who makes a will intends to dispose of all his property and not die intestate as to any part of his estate is overcome only when a contrary intention is plain and unambiguous, or necessarily implied." *Armstrong* v. *Merts*, 202 *Ga.* 483 (4) (43 S. E. 2d, 512).

2. The provision of the will of the testatrix, that "the remaining assets of my estate of whatever kind and nature . . I hereby give, bequeath and devise to my stepson, Willie Witte," upon the death of the testatrix conveyed a vested remainder interest to Willie Witte in the residue of the estate. Code, § 85-703.

3. A will takes effect upon the death of the maker. One who is named as the beneficiary of a life estate may also take a remainder interest. The fact that the life tenant could not enjoy the estate in remainder, because the remainder interest would not be distributed until the death of the life tenant, does not prevent a vested title in the remainder interest, which might be sold and conveyed by the remainderman, or devised to, or be inherited by, his heirs, who would take a vested remainder interest. *Payne* v. *Brown*, 164 *Ga.* 175 (137 S. E. 921); *Lumpkin* v. *Patterson*, 170 *Ga.* 94 (152 S. E. 448).

4. The trial court properly ruled that the estate in remainder passed to Willie Witte upon the death of Mrs. Kate Witte, and that Mrs. Florence Witte, as administratrix of the estate of her husband, Willie Witte, was the proper person to whom the residue of the estate should be delivered.

*Judgment affirmed. All the Justices concur.*

No. 16613. MAY 12, 1949.

344

*R. L. Maynard* and *A. M. Zellner,* for plaintiff in error.
*H. B. Williams, R. L. LeSueur,* and *Nick J. Falsone,* contra.