19295. McDONALD *v.* SUAREZ, Executrix, *et al.*

ARGUED APRIL 9, 1956—DECIDED MAY 14, 1956.

*Jesse G. Bowles,* for plaintiff in error.

*Aaron Ford, Peacock, Perry & Walters,* contra.

ALMAND, Justice. George McDonald died testate in 1923. He left surviving him his wife and three children. His will was brief, consisting of four items. The first item provided for the payment of his debts. The second item provided: "I give and bequeath to my beloved wife, Gertrude McDonald, all of estate, both real and personal. In doing so, I realize her love and devotion to our dear children. Recognizing her right to remarry, in which event, I will and direct that my estate be divided equally between my wife Gertrude McDonald, and such children of mine that may be in life at said time." In the third item, he appointed a guardian for such of his children as might be in life at the time of his wife's remarriage, should she remarry. In the fourth item, he appointed his wife as executrix of his estate, giving her power and authority "to do with said estate as she deems best and as freely and fully as I could do if in life, she not to be restricted in any sense except in the event she should remarry, when my estate in such event, is to be divided as in the terms of Item Third of this will." The testator's wife died testate in 1950 without having remarried. At the time of

her death there were surviving two children of George McDonald, and the child of a deceased daughter.

John E. McDonald, one of the surviving children, sought by a petition a construction of the will of the testator, he contending that under the will the testator's wife held a life estate in his property, with remainder over to his children living at her death, and that the surviving heirs of the child of the testator, who predeceased Mrs. McDonald, took nothing under the will of George McDonald. The contention of the defendants, the daughter and granddaughter of the testator, was that the wife of George McDonald took a fee-simple estate to all the property devised under the will, subject to be divested only in the event of her remarriage, and she having died without remarrying, said property was a part of her estate. The will of Mrs. Gertrude McDonald vested said property in equal parts in the plaintiff and the defendants.

The trial court decreed that the wife of George McDonald took a fee-simple estate in all of his property, subject to being divested only in the event of her remarriage, and she not having remarried, all of the property which she received under the will of her husband should be distributed under the terms of her will. The plaintiff by bill of exceptions assigns error on this ruling.

■ In seeking to find the intent of the testator, we are guided by certain well-defined rules. The natural and reasonable presumption is that the testator, in executing his will, intends to dispose of his whole estate and not to die intestate as to any part of it, which presumption is overcome only where the intention to do otherwise is plain and unambiguous, or is necessarily implied. *Armstrong* v. *Mertz*, 202 *Ga.* 483 (4) (43 S. E. 2d 512); *Schriber* v. *Anderson*, 205 *Ga.* 343 (1) (53 S. E. 2d 490). As a general rule, courts will not, by construction of a will, reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intent to limit or reduce is clearly and unmistakably manifested. *Thomas* v. *Owens*, 131 *Ga.* 248 (1) (62 S. E. 218); *Smith* v. *Slade*, 151 *Ga.* 176 (2) (106 S. E. 106).

■ Code § 85-502 provides that an absolute estate may be created to commence in the future, and the fee may be in abey-

ance without detriment to the rights of subsequent remainders. Under this provision, a defeasible fee with an executory limitation is created when a testator devises land to one in fee simple, and subsequently provides in his will that, if a certain event does or does not happen, the estate will go to another. *Jenkins* v. *Shuften,* 206 *Ga.* 315 (1) (57 S. E. 2d 283). "The defeasible fee is a present, possessory freehold estate of inheritance. It may endure forever, but may also be brought to an end by a stated event. It has the attributes of a fee interest, such as general inheritability, but is not a fee simple due to the fact that it may be defeased. The event may be the continuance or end of some situation, the happening or failure of happening of some occurrence, or the performance or nonperformance of some condition." P. 12, "Defeasible Fees," by Wm. H. Agnor. The essentials of a defeasible fee are that the devisee must first take an estate in fee, which may run indefinitely, subject to being defeated by some contingency which may occur after the devisee's estate has become vested. *Sanders* v. *First National Bank of Atlanta,* 189 *Ga.* 450 (6 S. E. 2d 294). The right of the testator to place such a limitation upon an estate devised by his will is not such a condition repugnant to the estate granted, as is prohibited by Code § 85-903. See *Kinard* v. *Hale,* 128 *Ga.* 485 (57 S. E. 761).

■ The will of George McDonald clearly shows that it was his intent that his wife should take a fee-simple interest in all of his estate, subject only to the condition that, if she should remarry, "in which event" his estate should be divided equally between his wife and his children "that may be in life at said time." The words he employed do not show that he intended that his wife's estate was limited to her widowhood or life in the event she did not remarry, nor indicate that he intended to vest in his children an estate of any character prior to his wife's remarriage, nor were any words used that would indicate his intention that his surviving children would take an estate in fee on the death of his wife without remarrying. The gift to the wife was limited only to the extent of divesting her of all interest in the estate except a child's part in the event of her remarriage, but this provision relating to a division does not of itself reduce the fee-simple estate first given to a life estate. A

fee-simple estate was granted, subject to being divested on the happening of a future event, viz., the remarriage of the wife, and the character of her estate falls within the definition of a determinable or defeasible fee.

We are of the opinion that the case of *Smith* v. *Slade,* 151 *Ga.* 176 (supra), fully supports our conclusion. There the testator in one item devised his estate to his wife. In a subsequent item, he provided that, if she remarried, "I then desire said estate to be equally divided between all the heirs of my body and Emily Harty Slade" (his wife). The wife died without remarrying. It was held that the wife held an absolute fee-simple estate in the property acquired under the will of her husband, and that her fee-simple interest not having been divested by remarriage, such property passed to her heirs. See also *Black* v. *Nolan,* 132 *Ga.* 452 (64 S. E. 647).

Counsel for the plaintiff earnestly contend that Mrs. McDonald took only an estate for widowhood or life under the will, and cite in support of that contention the cases of *Lallerstedt* v. *Jennings,* 23 *Ga.* 571, *Snider* v. *Newsom,* 24 *Ga.* 139, and *Logan* v. *Hammond,* 155 *Ga.* 514 (117 S. E. 428). While it is true that an estate for widowhood may be created (Code § 85-603), we are of the opinion that the rulings made in these cases are not applicable or controlling here. In the *Lallerstedt* case, it was held that the words employed by the testator in devising his estate to his wife "so long as she remains a widow," followed by words in a subsequent item indicating that she was to have the estate "during her natural life," created a life estate in the wife, she never having remarried. In the body of the opinion, it was stated that this construction was an arbitrary one, and that the court adopted such construction to prevent an intestacy. In the *Snider* and *Logan* cases, the controlling question was whether or not the provisions in the wills, as to the remarriage of the wives divesting their fee-simple estates, were valid. In the *Snider* case, the widow after remarriage was claiming an absolute fee in her husband's estate, and in the *Logan* case the widow during her widowhood was claiming the right to convey a fee-simple title to the estate that she received under her husband's will. This court did not have before it in either case the question of the nature or character of the estate possessed by a wife who died

without remarrying. The discussion in those cases as to estates for widowhood was unnecessary to a decision on the controlling question, viz., the validity of the provisions as to remarriage.

The trial court correctly ruled that the wife of the testator took a fee-simple estate under his will, subject to being divested except as to a child's part, upon her remarriage, and she having died without remarrying, the whole of her husband's estate was subject to be disposed of under her will.

*Judgment affirmed. All the Justices concur.*