19990.   HARPER *et al. v.* FULLER, Administrator, *et al.*

ARGUED FEBRUARY 11, 1958—DECIDED MARCH 7, 1958—
REHEARING DENIED MARCH 21, 1958.

*Brackett & Brackett, R. B. Pullen,* for plaintiffs in error.

*Spalding, Sibley, Troutman, Meadow & Smith, James M. Sibley, Francis Y. Fife, Marvin G. Russell,* contra.

HEAD, Justice. The heirs of R. F. Harper who contend that by his will he devised a life estate to his wife, Cora Bell Harper, rely strongly on the provision of the will which recites: "1st all my just debts and funeral expenses shall be first fully paid. The remainder I devise and bequeath to my beloved wife, Cora Bell Harper to have and to hold and keep as her own property as long as she lives unless she sees fit to sell such things as she cannot use."

It is the rule in Georgia that a power to dispose of property annexed to a life estate will not enlarge the estate given to a fee. In *Melton* v. *Camp,* 121 *Ga.* 693, 695 (49 S. E. 690), it was said: "A power is not property but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only. The gift of such power will not enlarge the life-estate previously given, but confers an authority in addition thereto." See also *Cook* v. *Walker,* 15 *Ga.* 457, 458; *Bienvenu* v. *First National Bank of Atlanta,* 193 *Ga.* 101 (17 S. E. 2d 257); *Keen* v. *Rodgers,* 203 *Ga.* 578, 579 (5) (47 S. E. 2d 567).

"In the construction of wills, the intention of the testator should be the first and great object of inquiry. And this is to be sought for by looking to the whole will, and not to detached parts of it." *Cook* v. *Weaver,* 12 *Ga.* 47 (1); *Ivey* v. *Davis,* 175 *Ga.*

607 (165 S. E. 605); *Gilmore* v. *Gilmore*, 197 *Ga.* 303, 309 (29 S. E. 2d 74).

In the present case an application of the rule that the intention of the testator is to be determined from the whole will eliminates any doubt or uncertainty created by the provision of the will heretofore quoted. In the next paragraph it is provided: "I will that my said property be kept intact except such property that it requires to cover my debts and funeral expenses, unless my said wife Cora Bell Harper sees fit to dispose of such property as will be of no benefit to her until the youngest child becomes twenty-one years of age."

The testator having previously provided for the payment of debts, funeral expenses, and the power of disposition, this latter paragraph, omitting these, simply means: "I will [desire] that my said property be kept intact . . . until the youngest child becomes twenty-one years of age." It is clear from this provision of the will that the testator desired that a home be maintained for his children until all of them reached majority, at which time the power of disposition by his wife, Cora Bell Harper, would have no further limitation or restriction, and it was intended that she should then hold, use, and dispose of the property as her own.

The testator did not attempt to make any disposition of his estate other than the devise to his wife. There are no remaindermen, and there is no estate in reversion. It has long been the rule that "The natural and reasonable presumption is that when so solemn and important an instrument as a will is executed, the testator intends to dispose of his whole estate, and does not intend to die intestate as to any part of his property, which presumption is overcome only where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied." *Glore* v. *Scroggins*, 124 *Ga.* 922, 924 (53 S. E. 690); *McMillan* v. *McCoy*, 175 *Ga.* 699 (165 S. E. 604); *Armstrong* v. *Merts*, 202 *Ga.* 483 (43 S. E. 2d 512); *Schriber* v. *Anderson*, 205 *Ga.* 343 (53 S. E. 2d 490); *McDonald* v. *Suarez*, 212 *Ga.* 360, 361 (93 S. E. 2d 16). "A will affecting property should never be so construed as to exclude some of it from its operation, unless demanded by the context or some rule of law prohibiting the disposition." *Thomas* v. *Owens*, 131 *Ga.* 248, 256 (62 S. E. 218);

*Comer* v. *Citizens & Southern Nat. Bank*, 182 *Ga.* 1, 5 (185 S. E. 77).

The testator in the present case disposed of his property by will to his wife, and there is no language in his will to sustain a construction that he intended to die intestate as to the ultimate disposition of his estate.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., and Candler J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent because the unambiguous provisions of the will state clearly that a life estate only is to be had by the wife and despite the fact that an intestacy would result which the law does not favor, I do not feel that courts are justified in changing the unambiguous language of the testator to avoid that result. I am authorized to state that Mr. Justice Candler joins me in this dissent.