## 46276. BUFFINGTON et al. v. CHILDERS et al.
(378 SE2d 122)

HUNT, Justice.

Roy Childers died testate in 1974. His sister, nephews and nieces brought this action against his wife, as administratrix of the estate, seeking a construction of the will giving them remainder interests. The trial court granted summary judgment in favor of the wife, and the sister, nephews and nieces appeal.

Childers' will gave his wife a life estate in "the homeplace" during her life or until she remarried. The residue of the estate was placed in a trust for her benefit during her lifetime. Childers died without lineal descendants, survived by his wife and by appellants. The trial court, in granting the wife's motion for summary judgment, held her life estate merged with the remainder interest in the estate.

Appellants contend the trial court's grant of summary judgment to the wife contravenes the testator's intent. They argue they are entitled to a remainder interest in the estate under Item 7 of the will which provides: "at my wife's death, everything remaining in said Trust [for the wife's benefit during her lifetime], shall be divided between my heirs at law, according to the laws of descent and distribution in force in the State of Georgia, at the time of my death."

The trial court granted summary judgment in the wife's favor based on *Payne v. Brown*, 164 Ga. 171 (2) (137 SE 921) (1927). In that case we held a life estate with a remainder to the testator's "lawful heirs" vests the remainder in the testator's heirs at the time of his death, including the life tenant if the tenant is an heir, *where there is no indication of a contrary testamentary intent*. The wife contends the language "heirs at law" in Item 7 of the will mandates the conclusion that she receives full fee simple title to the estate assets under our holding in *Payne v. Brown* because she is the testator's sole heir at law.

However, the paramount rule to be applied by the court in the construction of a will is to determine the intent of the testator. OCGA § 53-2-91; *Harper v. Fuller*, 214 Ga. 67, 68 (102 SE2d 553) (1958), and where the testator's intent conflicts with the precise meaning of any legal term, the testator's intent governs. *Maclean v. Williams*, 116 Ga. 257, 258 (42 SE 485) (1902). Here, neither the legal definition of "heirs at law" nor our holding in *Payne v. Brown* control because a review of the "four corners of the will" unambiguously demonstrates the testator did not intend his wife to have a remainder interest in his estate. For example, the will gives the wife a life estate in the homeplace for her lifetime or until remarriage and establishes a trust fund for her benefit during her lifetime. Other provisions of the will place severe restrictions on her access to money from the estate.

Because the terms of the will indicate a clear intent on the part of the testator to limit the wife's interest in his estate to her lifetime, the trial court's grant of summary judgment to the wife is reversed and the case is remanded to the trial court with direction that summary judgment be granted to appellants.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED APRIL 13, 1989.

Kinney, Kemp, Pickell, Sponcler & Joiner, L. Hugh Kemp, Cynthia Noles Johnson, for appellants.

John O. Wiggins, Norman S. Fletcher. for appellees.