Wm. D. Elam, et ux., plaintiffs in error, vs. Martha N. Garrard, defendant in error.

Persons interested in the subject matter of a suit in Chancery, ought to be made parties. Our statute makes an exception in suits for the distribution of estates, but it makes no other innovation on the rule.

In Equity, from Chattahoochee. Decision by Judge Kiddoo, February Term, 1858.

This was a bill filed by William D. Elam and his wife, by her next friend, against Martha Garrard alleging that on the

3d of March, 1831, Jacob Garrard, then in life but now deceased, of the county of Troup, in Georgia, conveyed by deed of trust to W. S. Hardin for the sole benefit of his children, Francis Elizabeth, William Allen, Albert Lewis, James Jackson, Mark Anthony, Nancy Stokes, and Martha Newsom Garrard, certain negro slaves therein named, to have and to hold the same in trust as aforesaid, during the lifetime of the said Jacob ; the said trust estate to cease and determine and the said negro slaves to become the property of, and be vested absolutely, unconditionally and equally in the children of the said Jacob, by his then wife, Martha Garrard, which he might have, at the time of his death.

Said Jacob died in 1843, and left several children before named, of whom the complainant Martha N. the wife of the complainant William D. Elam is one. At the death of said Jacob, all of the said property, the negro slaves, went into the possession of the defendant, the wife of said Jacob, who took possession of it as the trustee and natural guardian for her said children, and has had the full benefit and management of it, and still continues in possession of the same as such. That said negroes have been worth annually, and in all, the sum of ten thousand dollars, and the complainant has applied for a full acccount and settlement of complainants' part of the hire of said negroes and proportionate part of the same, which defendant has refused to give, or in any manner allow, and complainant shows she has no separate estate, and her husband has very little property.

The bill, prays that defendant may be compelled to account, and thereupon directed to pay over the same to complainants, or to a trustee &c., or that a sufficient number of said negroes be sold only, as will pay complainants' part, and the same be settled upon a trustee, for the joint use of complainants during their lives. And if he William D. Elam survives his wife Martha N. she leaving issue, then to him for life and after his death to such issue, and if she survives him, then to her for life and at her death to her children.

Elam, et al. vs. Garrard.

Defendant demurred to said bill, for the want of proper and necessary parties, and moved to dismiss the same.

The Court sustained the demurrer and dismissed the bill; whereupon complainants excepted and assign error.

BLANDFORD & CRAWFORD, for plaintiffs in error.

WELLBORN, JOHNSON & SLOAN, for defendant in error.

*By the Court.*—McDONALD J. delivering the opinion.

Every person interested in the trust estate, ought to have been made a party to the suit. It is the object of a Court of Equity to do complete justice, and settle forever controversies before it. It cannot be done in such a case as that under consideration unless all the parties interested in the subject of the suit are before the Court. A person not before the Court as a party, and who does not come in as a party at some stage of the proceeding, cannot be bound by the decree. If, after a decree in this case, one of the other *cestui que trusts*, not a party, brings a suit against these complainants, charging that his portion of the trust estate had been reduced unjustly by the decree, what is to prevent him from having a hearing? He is no party. The rule is a wise and a good one, and prevents multiplicity of suits in regard to the same subject matter. Our statute makes an exception in suits for distribution of estates. *Cobb's Dig.* 468. But it makes no further innovation on the rule. We affirm the judgment of the Court below, but with this instruction to the Court, that the complainants may on the payment of all costs which have accrued, re-instate their case and amend their bill so as to make the necessary parties thereto, serving each with a copy and subpœna to appear and answer.

Judgment affirmed.