WILLIAM W. WARREN ET AL. *v.* JOHN W. INGRAM ET AL.

[51 South. 888.]

WILLS. *Devises. Construction. Devise for life with power of disposition.*

A devisee has power to convey lands in fee simple where they were devised to her "to have and to hold during her life and to do with the same as in her judgment she may deem best."

FROM the chancery court of Marshall county.

HON. ISAAC T. BLOUNT, Chancellor.

Ingram and others, appellees, were complainants in the court below; Warren and others, appellants, were defendants there. From a decree overruling a demurrer to the bill of complaint defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Smith & Totten* and *Julian C. Wilson,* for appellants.

The contention that the words "to do with the same as in her judgment she may deem best" are limited and restricted by the provision that she shall have and hold the property during her life, is untenable. It is not the context of the will. The adverbial phrase "during her life" modifies the verb "to have" and "to hold," and the provision "and to do with the same, as in her judgment she may deem best," is a separate clause of the complex sentence.

The words will be construed in their ordinary grammatical sense, unless some reason appears to show a different meaning. This is so well settled, that we only cite a quotation to this effect in *Johnson v. Delome,* 77 Miss. 15, 26 South. 360, as follows:

"Our duty is to ascertain, not what the testator may be supposed to have intended, but the meaning of the words he has used. And these we must construe according to their ordinary and grammatical sense, unless there is some obvious absurdity

or some repugnance or inconsistency with the subject on which the will is meant to operate, and in such case, the sense might be modified so as to avoid these consequences, but no further."

It is worthy of note also, that there is not anything ungrammatical in this will. The construction of the will, put on it by the appellee, would make it read this way: "I hereby bequeath to my wife * * * (my property) to have and to hold, and to do with the same as in her judgment she may deem best, during her life." Or would eliminate the word "and" and make it read as follows: "To have and hold during her life, to do with the same as in her judgment she may deem best."

Appellant's construction, on the other hand, is the simple, natural construction, giving effect to the grammar, the intent, the punctuation, the construction of the sentences, and the position of the words in it, and to every word in it. In other words, we say that the will meant that the widow should have the property "to have and to hold during her life, and to do with the same as in her judgment, she may deem best."

Of course appellant's view is very much strengthened by the fact that there was no disposition of the remainder, and no mention of any remainder, because, if the widow was to dispose of it, and exercise her power of disposition, there was no necessity for providing for a remainder.

The only possible contention that could be made against this view would be either that the power of disposal attached to an express life estate, did not include the power to dispose of the fee, unless given in express terms, or that the words "to do with the property" do not include the disposition of property.

A power of disposal attached to an express life estate gives the donee of the power the authority to convey or devise the fee. Although this has been to some extent, a mooted question, yet it is not necessary to wander far afield in search of authorities which govern the case at bar.

This exact question has been decided in Mississippi in re-

gard to personalty, in the case of *Andrews v. Brumfield,* 32
Miss. 107, a case where the power of disposal was exercised in
a much more indefinite way than in the case at bar.

In the case cited, in the same will, a testator gave to his
wife his described realty and personalty, "to have and to hold
and enjoy, during her natural lifetime * * * that she
may have full control of the same and be empowered to dispose
of the same as she may think proper."

In construing this clause, the court said:

"We do not think that this language admits of but one con-
struction, it appearing manifestly to have been the testator's
intention to confer an unrestricted power of disposition."

Should the court care to go beyond our own reports, it will
find the view that when a power of disposal is attached to a life
estate the donee of the power can convey the fee, is sustained
by the overwhelming weight of authority.

The following cases, all of which will be found to be exactly
in point, selected from various states, support the defendant's
contention: *Boyce v. Allen,* 76 Mo. 498; *Hale v. Marsh,* 100
Mass. 468; *Coates v. Railroad Co.* (Ky.), 17 S. W. 564; *Lewis
v. Palmer,* 46 Conn. 454; *Fink v. Leishman* (Ky.), 38 S. W.
6; *Shaw v. Hussy,* 41 Mo. 495; *Cummings v. Shaw,* 108 Mass.
159; *Ransdell v. Ransdell,* 21 Mo. 288; *Security Bank v. Pratt,*
65 Conn. 161; *Bishof v. Ringle,* 11 Ohio 277; *Weed v. Knox,*
77 Ga. 636; *Young v. Sheldon* (Ala.), 36 South. 27; *Under-
wood v. Cave,* 75 S. W. 452; *Thomas v. Wright,* 66 S. W.
993; *Simpkins v. Bale,* 98 N. W. 580; *Dodd v. Dodd,* 185
Mass. 100; *Hazletine v. Peary,* 7 Am. & Eng. Ann. Cases, 953.

Also note to *Grace v. Peary,* 7 Am. & Eng. Ann. Cases, 953.

There is practically but a single line of cases taking the op-
posite view. Upon this line of cases all other cases which take
this view rely for their authority.

These cases are: *Bradley v. Westcott,* 13 Ves. Jr. 445; *Smith
v. Bell,* 6 Peters, 68, 8 L. Ed. 322; *Brant v. Virginia Coal, etc.,
Co.,* 93 U. S. 326, 23 L. Ed. 927; *Giles v. Little,* 104 U. S. 291.

No one of these cases is like to the case now presented, but each one can be distinguished, and as far as any one is in point it is contrary to the decided weight of authority.

The words "to do with" property are equivalent to the words "to dispose of" property. This becomes a question, if question it is, for the lexicographer.

Webster's International Dictionary, p. 440, gives this definition: "To do with:—To dispose of; make use of; to employ."

Imperial Dictionary, Vol. 2, p. 77: "To do with:—To get off one's hands; to dispose of; to employ; to occupy."

The Century Dictionary, Vol. 2, p. 171: "To do with:— Effect, accomplish, through employment or disposal of."

There seems to have never been a judicial definition of these words, showing that they are the same as "to dispose of," but under the context in this case, it appears that this would be undoubted.

In the case most relied on for the appellees, that of *Bryant v. Virginia Coal & Iron Co.,* 93 U. S. 326, 23 L. Ed. 927, the words "to do with" were used, although the court, in that case, holds that the power of disposition given was limited to the life estate. It treats the words "to do with" as equivalent to the words "to dispose of."

*James Stone* and *Mayes & Longstreet,* for appellees.

What that expression, "To do with the same as in her judgment she may deem best," was intended by the testator, to convey, was this: That being merely a life tenant, with a number of little children, she should not be harassed and impeded in the use and enjoyment of the physical property by any consideration, or by any claims of the guardians of the children, or by any claims of them or their husbands in the event they should afterwards marry; that her use of the estate was not subject to their criticism and objections, on the idea that they were reversioners and had rights in the premises. For in-

stance, if she wanted to pull down a house, she had a right to do it. If she wanted to chop down a woods and turn it into a field or pasture, she had a right to do it. If she wanted to stable cows in her double parlor, she had a right to do it. In other words, she was not impeachable for equitable waste.

There is not only a perfectly obvious legal application here involved, but also a perfectly obvious application of those terms from the commonplace and popular point of view.

To the average person, without reference to legal technicality, there is a clear apprehension that one who is a remainder-man or reversioner, has a right to bother the life tenant in all courts or ways about the manner in which the life tenant is dealing with property. That apprehension may not be well founded in law (although it is, to a certain extent); but it exists nevertheless.

Now, it was to exclude these things that this language was employed by the testator. To say the least of it, it is entirely probable that he had such matters in view. As we said above, if the use of these terms can reasonably be attributed to some other notion, then it is not to be presumed or understood that the testator intended to give by implication so radical and extraordinary a power as the right of absolute sale in fee simple to the divestiture of all interest of his little children. Especially is this true in a case like this where there was no apparent necessity for such a provision for the widow, the estate being apparently large enough to give her a fine living out of its income.

The solution is easy; it consists merely in bearing in mind the difference between property and the title to such property. The will provided that her title should be a life estate; and these additional words were intended to provide that with the property itself she could do as in her judgment it seemed best; not that she could do as it seemed best with the title to the same.

It is expedient to define certain propositions which are more or less definitely settled, and which we shall not controvert; nor discuss any further than to say that they do not control this case.

First. A devise of land to one indefinitely, and that he shall do with the same at his discretion, or that he may sell the same and use or dispose of the proceeds, or that he may devise the same—will invest him with the fee. For this, there are many authorities: *Andrews v. Brumfield,* 32 Miss. 107.

Secondly. But if there be a devise for life only, either expressly limited or impliedly so limited, then there is no fee, but only the life estate, with an added power. *Andrews v. Brumfield, supra; Dean v. Nunnally,* 36 Miss. 358; *Tatum v. McLellan,* 50 Miss. 1. What is the power so added? That, of course, is fixed by the terms of the will. In the *Andrews case* it was that the wife should "have full control of the same, and be empowered to dispose of the same as she may think proper."

This is a very different case. And here we might as well say, once for all, that no case is authority here, in which the will expressly confers on even a life tenant the power to "sell" or to "dispose" of the property; nor confers such power by such necessary implications as we shall point out later.

In *Rail v. Dodson,* 14 Smed. & M. 176, there was express power "to sell and exchange the same, and shall have full power to dispose of the same, or any part thereof, at her discretion, by her last will."

In *Dean v. Nunnally,* 36 Miss. 358, there was express power "to sell any part thereof as she might think best for her interest," etc.

In *Edwards v. Gibbs,* 39 Miss. 166, there was express power "to dispose of in any way she may think proper," etc.

In *Tatum v. McLellan,* 50 Miss. 1, and *Baird v. Boucher,*

60 Miss. 326, the powers of disposal or sale, were expressly given by the will.

We have now reviewed all of the Mississippi cases that are pertinent, and have shown that none of them touches on the question in this case; which question is, Whether there is any power to sell?

The Code of 1892 controls, and sections 1543 and 1548 provide as follows:

"1543. *Descent of land.* When any person shall die seised of any estate or inheritance in lands, tenements, hereditaments not devised, the same shall descend to his or her children," etc.

"1548. *Estate of testator not disposed of by will to descend.* All estate, real and personal, not devised or bequeathed in the last will and testament of any person, shall descend and be distributed in the same manner as the estate of an intestate," etc.

Now the whole argument of appellants' brief is pervaded with the proposition that this will made no disposition of the remainder interest. The brief postulates that proposition as the basis for much of its argument.

This being true, then by operation of the statute immediately after the testator's death the remainder interest vested in the children; and a bare power of sale unaccompanied by any devise of the estate which was the subject of the power, is in conflict with the statute and void.

One very serious difficulty with the appellants' position is that it absolutely ignores a very important rule in the construction of wills, which is to the effect that the heir at law is favored and is not to be disinherited unless by express provision of the will, or else by an implication which is necessary and unavoidable. Note to *Coffman v. Heathnote,* 2 L. R. A. 848; note to *Re Jacob's Estate,* 11 L. R. A. 767.

In *Brant v. Virginia Co.,* 93 U. S. 326, the will devised to the wife of the testator all his estate, "to have and to hold dur-

ing her life, and to do with as she sees proper before her death."
This will was squarely on all fours with the one now before the
court. The supreme court of the United States held that
he was not authorized to convey the property, and that her
deed thereto was void, except as to the life estate.

Argued orally by *Julian C. Wilson* for appellants, and by
*Edward Mayes* for appellees.

SMITH, J., delivered the opinion of the court.

John I. Ingram died seised and possessed of the land in con-
troversy, leaving a widow and several children. By his will
he bequeathed all of his property to his widow; the effective
language thereof being as follows: "I hereby bequeath to my
wife, Mary Jane Ingram, all my real estate lying in Tate,.
Marshall, and De Soto counties, Mississippi, and also all my
personal property, notes, and accounts, and any and all interest
of which I may be possessed, to have and to hold during her life,
and to do with the same as in her judgment she may deem best."
One of his daughters married a man named Stutts, and died in
July, 1906, without children. The widow conveyed away by
warranty deed the lands in controversy, and she died March 9,
1908, intestate. The bill in this case was filed by the four
surviving children of Mr. Ingram against the purchasers of the
lands in controversy, and against Mr. Stutts, being based on
the idea, so far as the purchasers were concerned, that the
widow's deed was unauthorized by the will and only conveyed
her life estate, which, of course, terminated by her death.
These purchasers demurred to the bill, and, the demurrer being
overruled, appealed to this court.

The question we are called upon to answer is this: The devise
being expressly limited to the life of the devisee, did the addi-
tion of this expression, "and to do with the same as in her
judgment she may deem best," invest her with power to, by

deed, convey an estate in fee simple in any of the lands whereof her deceased husband had died seised and possessed? The authorities are uniform to the effect that a devise of land to one indefinitely, and to do with the same at his discretion, will invest him with the fee; but if the devise is for life only, and to do with at his discretion, the devisee is invested with a life estate only, with an added power. Under the terms of this will, therefore, the widow took only a life estate, with an added power. What was this power? The claim of appellees is that it was only the power to dispose of her life estate, and not of the fee. If appellees are correct in this, the addition of the power would be mere surplusage; for she had that power without its being expressly conferred.

There are several cases in our reports dealing with this question; the only one, however, directly in point being *Andrews v. Brumfield*, 32 Miss. 107. In *Edwards v. Gibbs*, 39 Miss. 166, there was an express limitation over, and the court there said: "Whilst it is true that the bequest to the widow of the property, 'to use and dispose of it in any way she might think proper, during her life,' would, if it had been alone, have passed an absolute estate to the widow, yet this must be construed with reference to the limitation, which immediately succeeds it, to James R. West. And the effect of these words of limitation is to qualify the estate given by the previous words to the widow, and to give her the usufruct of the property during her life, with remainder to West at her death. And the legal effect of the clause is to give him a vested estate in remainder." Here there is no express limitation over, and under *Edwards v. Gibbs* it would seem that the widow was therefore invested with an estate in fee. This, however, is not the law, and counsel do not contend that it is. That part of the opinion wherein the court said, "Whilst it is true that the bequest to the widow of the property, 'to use and dispose of it in any way she might think proper, during her life,' would, if it had been alone, have passed

.an absolute estate to the widow," was not called for by the de-
.cision of the question involved; the same being whether James
.R. West took a vested estate in remainder, or only a contingent
interest, to become vested on the widow dying without having
.disposed of the estate in her lifetime."

In *Andrews v. Brumfield, supra,* the court said: "In the first
and second clauses of the will, the property bequeathed to Mrs.
Andrews is limited to her, expressly, for the term of her natural
life.   The language is too plain to admit of the least doubt as to
the intention.   Hence, if the will contained no other provision,
it could not be questioned that only a life estate was given to
her.   But by the seventh clause, in which the testator declares
it to be his will that all the property given to Mrs. Andrews by
the first and second clauses 'shall be delivered into her posses-
.sion as soon after [his] death as possible, that she may have full
control of the same, and be empowered to dispose of the same as
she may think proper,' it is insisted that this result has been
changed.   We think that this language admits of but one con-
struction.   It appears, manifestly, to have been the testator's
intention to confer an unrestricted power of disposition.   Tak-
ing all of the claims together, as disclosing the testator's inten-
tion, they show, first, that the property was given for life, and,
secondly, that the legatee should possess the power to sell, give,
or transfer to whomsoever she might elect."

, This decision is in accord with the weight of authority, and
seems to us conclusive of the case at bar.   There can be no real
difference between a power to dispose of property at discretion
and a power to do with it at discretion.   If there is any differ-
ence, the latter power is the broader one.

Appellees rely upon *Brant v. Virginia Coal Company,* 93 U.
S. 326, 23 L. Ed. 927.   That case held, following *Smith v.
Bell,* 6 Pet. 68, 8 L. Ed. 332, that where "a power of disposal
accompanies a bequest or devise of a life estate, the power is
limited to such disposition as a tenant for life can make, unless

there are other words clearly indicating that a larger power was. intended." Both of these cases uphold appellees' contention,. but are squarely in conflict with *Andrews v. Brumfield* and with the decided weight of authority. As was said by the court of Massachusetts in *Gifford v. Choate,* 100 Mass. 346, the au-- thority of *Smith v. Bell* "is somewhat impaired by the cir- cumstance that no counsel were heard on behalf of the party against whom it was made, and the attention of the court does not seem to have been drawn to the authorities in favor of the opposite conclusion." The supreme court of the United States seems to have receded from the doctrine announced in these cases, and to have fallen in line with the current of authority.

In *Giles v. Little,* 104 U. S. 299, 26 L. Ed. 746, the will under consideration was as follows: "To my beloved wife, Edith J. Dawson, I give and bequeath all my estate, real and per- sonal, of which I may die seised, the same to remain and be hers, with full power, right and authority to dispose of the same as to her shall seem meet and proper, so long as she shall remain my widow, * * * upon the express condition that, if she shall marry again, then it is my will that all the estate herein bequeathed or whatever may remain, shall go to my sur- viving children, share and share alike." The court, following *Brant v. Virginia Coal Company* and *Smith v. Bell,* held that the power of disposition conferred on the wife was only such disposition as a tenant for life could make. This same will was afterwards before the supreme court of Nebraska in *Little v. Giles,* 25 Neb. 313, 41 N. W. 186, and that court held, con- struing the will in connection with a statute of the state, that the will enabled the testator's widow, prior to her remarriage,. to convey an estate in fee simple in lands of which her hus- band died seised and possessed. In *Roberts v. Lewis,* 153 U. S. 367, 14 Sup. Ct. 945, 38 L. Ed. 747, this will was again under consideration by the supreme court of the United States, and the holding of the supreme court of Nebraska was ap-

proved, and its former decision in *Giles v. Little,* 104 U. S. 291, 26 L. Ed. 746, was overruled. The court, then reasoning the matter out for itself without reference to the Nebraska statute, reached the conclusion that, under the will, the widow had power to convey an estate in fee simple to the lands of which her husband died seised and possessed, and stated that "the general current of authority in other courts is in favor of our present conclusion."

We are clearly of the opinion that, under the will in question, the widow of the testator had power to convey an estate in fee simple to the land in controversy.

The decree of the court below is reversed, the demurrer sustained, and the bill dismissed.     *Reversed.*