Jessie C. Ogilvie *et al. v.* Frederika J. Wright *et al.*

(*Jackson.* April Term, 1918.)

WILLS. Construction. Absolute power of disposition.

A will leaving testator's estate to his widow, "and it is my wish that she do with said property as she may think best, and it is further my wish and desire that at the death of my wife that all our estate . . . shall go to J.," gave the wife power of absolute disposition, and J. does not take a remainder.

Cases cited and approved: Breeden v. Welker, 2 Tenn. Ch. App., 109; Brant v. Virginia Coal & I. Co., 93 U. S., 326; Bradley v. Carnes, 94 Tenn., 27.

Case cited and distinguished: Warren v. Ingram, 96 Miss., 438.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—Hon. Francis Fentress, Judge.

J. H. Watson and D. W. De Haven, for appellants. L. L. Pearson, for appellees.

Mr. Justice Williams delivered the opinion of the Court.

There is involved in this cause the construction of the will of J. C. Wright; the chief complainant being his niece and adopted daughter, and the chief defendant his widow.

The question for discussion is: Under the will and two codicils, did the defendant widow take a life estate, or an estate absolute, in the property affected?

So far as necessary to be quoted, the will, after providing for burial expenses and debts, recites:

Ogilvie v. Wright.

"3. The residue of all my property—real, personal and mixed—in possession or in expectancy—consisting of real estate, household goods and other personal property of every description, whatever owned by me—consisting of notes, bonds, accounts, etc., I give and bequeath to my beloved wife, Frederika J. Wright." (1897.)

The first codicil is in these words:

"Since the above was written and signed I have concluded to appoint my beloved wife, Frederika J. Wright, my executrix without bond and it is my wish that she do with said property as she may think best, and it is further my wish and desire that at the death of my wife that all our estate of every description shall go to our adopted daughter, Jessie Clay Wright." (1898.)

The second and last codicil is as follows:

"It is my wish and desire that the courts excuse my wife from rendering any inventory of my estate or making any report to any court whatever." (1907.)

Did the will, and particularly the first codicil, place the power of absolute disposition of the property bequeathed and devised in the widow, Mrs. Wright? Or does the adopted daughter take a remainder, as she asserts?

It was held in *Breeden* v. *Welker,* 2 Tenn., Ch. App. 109, that where words in a will empower the widow and devisee "to do as she pleases" with the property, the estate, though expressed to be for her life; is

rendered inconsistent with the existence of an estate over, and she takes a fee absolute. The words are words empowering an absolute disposition. As was said in *Warren* v. *Ingram,* 96 Miss., 438, 51 South., 888, Ann. Cas., 1912B, 422:

"There can be no real difference between a power to dispose of property at discretion and a power to do with it at discretion. If there is any difference, the latter power is the broader one."

The following have been held to be words or phrases giving power of absolute disposition, and to vest a fee in the devisee: "To do therewith at pleasure." "To do with at discretion." "To use and employ at pleasure."

In *Brandt* v. *Virginia Coal & I. Co.,* 93 U. S., 326, 23 L. Ed., 927, it was held that the bequest and devise of all of the estate to testator's wife, "to have and to hold during her life, and to do with as she sees proper before her death," did not vest a fee estate in the wife, for the reason that the power of disposal accompanied an express life estate, and that the power was limited to such disposition as a tenant for life could make. It is to be noticed, however, that the court treats the phrase "to do with as she sees proper" as disposing words, as they were held to be in the case of *Breeden* v. *Welker,* supra.

The rule announced in the Brant Case is not recognized in this State (*Bradley* v. *Carnes,* 94 Tenn., 27, 27 S. W., 1007, 45 Am. St. Rep., 696, and cases cited), and the court of civil appeals erroneously applied it. Furthermore, in the will under review there was no

Ogilvie v. Wright.

devise to the wife of testator of a life estate in express terms. The will proper itself vested in her an estate absolute, and no effort was made in the codicil expressly to define an estate for life for her.

In our opinion the decision must turn upon the meaning to be assigned the indicated word as words expressing unlimited power of disposition in the first taker.

It is argued that the language does not expressly confer such power, but only allows of an implication thereof, which implication is not to be made where, as here, the gift over is of the whole (and not mere balance of remainder) of the estate. It is urged that in such case the nature of the gift over demonstrates a denial of power of absolute disposition in the widow. We have several cases where words, held to authorize unlimited disposition in the first taker, have defeated the vesting of a remainder estate limited in the property, identical and entire so far as the *res* was concerned.

In our opinion, the test so contended for is not the decisive one, and the widow, Mrs. Wright, took title in fee simple, since the words expressly confer the power of absolute disposition.

Other contentions of Mrs. Ogilvie have been considered, but are not deemed to have merit.

Reverse the decree of the court of chanery appeals, and affirm that of the chancellor.

FENTRESS, J., having decided the case below as chancellor, took no part in the hearing or disposition of the case on the appeal.