## Mason v. Young et al.

Jenkins, Chief Justice. In the instant ejectment proceeding, the defendants interposed by amendment to their answer a plea of res judicata supported by a former judgment. The plaintiff objected to the allowance of the amendment on the ground that said judgment appeared upon its face to be void for want of proper parties defendant. The plaintiff in the former suit, being in possession of certain premises under a deed conveying title in fee simple, brought an action to cancel as a cloud upon his title a subsequent deed from the same grantor, in which the premises were conveyed in trust for the life of the plaintiff, and at his death "to the oldest male child he [the plaintiff] may leave living at the time of his death." The grantor by his trust deed made himself the sole trustee thereunder, and he being deceased at the time the previous suit was brought, the plaintiff in that suit named his own minor son, the remainderman and the only party at interest under said trust deed, as party defendant. The trial court appointed a guardian ad litem to represent the interest of the minor defendant and entered a decree, based upon a verdict by the jury, cancelling said trust deed as prayed. The plaintiff in the instant ejectment proceeding was the minor defendant in the former suit, who is now sui juris, and claims title to the premises as remainderman under said trust deed. The plaintiff in the instant suit objected to the allowance of the plea of res judicata solely upon two grounds: first, "the attempted defendant in the former suit and judgment was a contingent remainderman and hence could not be a party;" and second, "there was no trustee named as a party defendant." The judge sustained the plea of res judicata, to which order the plaintiff excepts. *Held:*

1. In equitable proceedings, the rule as to who should be made parties is set out in the Code, § 37-1004, as follows: "Generally all persons interested in the litigation should be parties to proceedings for equitable relief; but legatees, distributees, and wards suing executors, administrators, and guardians need not join others interested in the estate as parties plaintiff or defendant, unless some special adverse claim is set up as against such codistributees or legatees."

(a) The first contention is that the contingent minor remainderman in the former suit could not be made a party defendant, for the reason that when that suit was instituted the life tenant under the second deed, which was the one sought to be canceled, was still in life, and it could not therefore then be determined who might be his eldest surviving son who would take in remainder under the second deed. It is true that, when the previous suit was brought in 1895 against the only existing remainderman under the terms of the second deed, he held only a contingent remainder estate, but it is also true that he was nevertheless the only person who could then, or as the fact proved, thereafter answer the description under the trust deed as a remainderman. The defendant remainderman in the former suit being the only beneficiary under the trust deed then being attacked, he had such an interest as would make him a proper and necessary party to that proceeding. The rule as stated in 21 C. J. 1015, § 175, is as follows: "It is the general rule that the

right of contingent remaindermen constitutes an estate in land of which they cannot be divested during the existence of the life estate except by appropriate legal proceedings ·to which they are made parties." See also *Elam* v. *Garrard,* 25 *Ga.* 557, 559; *Wyche* v. *Green,* 32 *Ga.* 341; *Carswell* v. *Schley,* 56 *Ga.* 101, 113 (4).· It would therefore seem peculiarly appropriate that such a remainderman should be held amenable to the processes of court in behalf of the one holding apparent pre-existing title to remove what amounts to ·a cloud thereon.

2. Had the trust in the first suit been executed rather than executory, the second contention of the plaintiff in error, which questions the validity of the judgment cancelling said trust deed on the ground that the trustee was not made a party defendant, would obviously be without merit. This is true for the reason that, upon the execution of a trust, the legal title in the trustee and the equitable title in the beneficiaries become merged and the interest of the trustee thereupon terminates. However, the trust under the deed sought to be canceled was clearly executory under the rulings by this court in *Watts* v. *Boothe,* 148 *Ga.* 376 (196 S. E. 863) (overruling former decisions of this court to the contrary), holding that a devise in trust for the life of a first taker, and at his death to go in remainder, created an equitable estate in remainder and not a legal estate, and that such trust is executory until the death of the life tenant.

3. In creating a trust estate, legal title to the property conveyed vests in the trustee, and the equitable title in the cestui que trust for whom the trust was created. *Beal* v. *Crafton,* 5 *Ga.* 301, 305; Redfearn's Wills and Adm. of Estates, 327, § 189. Accordingly, in an action to cancel a trust deed, it would seem that the trustee, if in office and in life, would be a necessary party defendant to such a suit. However, under the circumstances existing at the time the former suit was brought to cancel said trust deed, the grantor, who was also the trustee, was dead and no successor trustee had been appointed.

(*a*) In cases where the sole or surviving trustee of several trustees shall have died, and no provision is made in the instrument creating the trust for the appointment of successors, the power and authority of the superior courts to appoint a successor trustee is made dependent, under the provisions of the Code, § 108-315, upon the petition of two or more parties interested in such trust. This seems to be the general rule as stated in 54 Am. Jur. (Trusts) 460, § 595, where it is said that an application for the appointment of a successor trustee cannot be made by one ·claiming adversely to the trust.

(*b*) Since the plaintiff, seeking to cancel the trust deed, could not have moved for the appointment of a successor to the deceased trustee, and since the only beneficiary holding any actual interest in said trust was the plaintiff's minor son, it is manifest that, if a trustee were required to be made a party to the previous suit, the effect would be to ·render the plaintiff in that suit helpless to compel the cancellation of a cloud upon his title until the trust should have become executed. Since trusts are by their very nature peculiarly subjects of equity, and since for every right there exists a remedy, a court of equity having jurisdiction of the subject-matter and of the parties may render a judgment binding as

between the parties at interest legally brought before it. It might seem therefore that, under circumstances existing at the time the suit for cancellation was brought, a legal judgment could be entered without a trustee being named as a party defendant. Such a rule would seem to be in accord with the general rule set forth in 54 Am. Jur. 456, 457, § 591, as follows. "An action against cestuis que trust may be maintained without having any trustee as a party, where there is a vacancy in the trusteeship" (citing *Hughes v. Brown*, 88 Tenn. 578, 13 S. W. 286, 8 L. R. A. 480). It is unnecessary, however, to make such a ruling in the instant case for the reason set forth in division 4 of this syllabus.

4. "A defect in a petition, resulting from nonjoinder of proper parties should be taken advantage of by special demurrer." *Roberts v. Burnett*, 164 *Ga.* 64, 65 (7) (137 S. E. 773), citing *Hunt v. Doyal*, 128 *Ga.* 416 (57 S. E. 489); *Ray v. Pitman*, 119 *Ga.* 678 (46 S. E. 849). Accordingly, even if it could be said that the former suit was defective for the want of a new trustee in place of the grantee as a party defendant, it was nevertheless such a defect as could ordinarily be cured by amendment and one which the defendant beneficiary under said trust deed could have taken advantage of by special demurrer; but the failure to name such a party defendant did not render the pleading inadequate to support the judgment. *Edwards v. Hall*, 176 *Ga.* 632, 633 (6) (168 S. E. 254).

5. Under the foregoing rulings, the trial court in the previous cancellation proceedings had jurisdiction of both the subject-matter and of the persons properly before it, and in the absence of any objection on the ground of nonjoinder of parties, the judgment canceling said trust deed was not void for any reason which has been assigned. It follows that, since the defendant in the former suit is the plaintiff in the instant action in ejectment, he is bound by said former judgment, and the trial court properly sustained the plea of res judicata and dismissed the plaintiff's petition.

*Judgment affirmed All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16033. DECEMBER 1, 1947.

*Alfred Herrington,* for plaintiff.
*E. W. Jordan,* for defendants.