18832. BUTLER *v.* CITIZENS & SOUTHERN NATIONAL BANK, executor, *et al.*

ARGUED JANUARY 11, 1955—DECIDED FEBRUARY 16, 1955— REHEARING DENIED MARCH 16, 1955.

*James F. Glass, Rothenberg & Burris,* for plaintiff in error.

*John C. Wylly, Bouhan, Lawrence, Williams & Levy,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) It is insisted by counsel for the defendants in error in their brief: That the question presented "is a relatively simple one. Concisely stated it is: Where a testator creates a life estate in a

person with power of appointment by will as to the remainder and the life tenant fails to exercise such power (there being no provision as to disposition of the remainder in default thereof) who is entitled to the reversion—the heirs of the testator as of the date of his death or the testator's heirs as of the time of the death of such life tenant?" We cannot agree that this is a correct statement of the question presented, or that it is a simple one. To the writer it has been most difficult.

It is true, as held by this court in *Oliver* v. *Powell,* 114 *Ga.* 592 (4) (40 S. E. 826), that, "Where realty is devised to one for life, and no further testamentary disposition thereof is made, the reversionary interest in fee remaining in the testator's estate vests immediately upon his death in those who are then his heirs at law, with the right of possession postponed until the death of the life-tenant, and does not remain in abeyance while he lives and at his death vest in those who would then be such heirs." See also *Armstrong Junior College Commission* v. *Livesey,* 189 *Ga.* 825 (7 S. E. 2d 678, 132 A. L. R. 1063). It is also true, as held in *Keen* v. *Rodgers,* 203 *Ga.* 578 (5) (47 S. E. 2d 567), that " 'The general rule is that where an estate is expressly given for life, with an added power of disposal conferred upon the life tenant, this does not enlarge the life estate into an estate in fee.' *Bienvenu* v. *First Nat. Bank of Atlanta,* 193 *Ga.* 101, citing 21 R. C. L. 776, § 5; Warren *v.* Ingram, 96 Miss. 438 (51 So. 888, Ann. Cas. 1912B, 422, 424). This is true because 'A power is not property but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only. The gift of such power will not enlarge the life estate previously given, but confers an authority in addition thereto.' *Willie* v. *Hines-Yelton Lumber Co.,* 163 *Ga.* 64, 66, 67 (135 S. E. 505), citing *Melton* v. *Camp,* 121 *Ga.* 693 (49 S. E. 690)." Counsel for the defendants in error contend that the decision of this court in *Guess* v. *Morgan,* 196 *Ga.* 265 (26 S. E. 2d 424), is controlling of the question here presented. In that case W. T. Morgan by deed conveyed lands to his daughter and to her bodily heirs, and if no such heirs, "then to be left to her choice any member of Morgan family, brother or sister, nephew or nieces." The daughter had no bodily heirs and died without having exercised the power of appointment. In that case this court said (at p. 271): "Al-

though there was no remainder, the grantor had provided a means, through the power of appointment in the donee, whereby the estate could be shifted to another person. Bodily heirs having failed, the donee not having exercised the power, and the grantor not having provided a final resting place for the fee in these contingencies, it had to go where the law guided it; . . . in such cases the property reverts to the donor to go to such persons as directed in his will in case of such contingency, or, upon failure of such direction, to his heirs at law." In reaching this conclusion, however, this court was particular to point out that "W. T. Morgan died intestate, and therefore no disposition was made of the reversion, it not appearing that he had otherwise alienated it." It is in this respect that the *Morgan* case differs from the present one, for, as we construe the authorities hereinafter cited, the testator here did convey to the trustees the entire title to the properties comprising his estate, and thereby alienated the reversionary interest in the properties, placing it in the trustees. The will here involved devised and bequeathed all of the testator's property, estate, and property rights of whatever kind and description whatsoever to the trustees "in trust nevertheless for the uses and purposes hereinafter mentioned only to wit: (A) To invest, handle, and generally manage said property and estate, and to re-invest the same and change securities in which same is invested as often and at such times as may be deemed advisable, and to collect rents, interest, dividends, and income therefrom, and to disburse the same in accordance with the provisions hereinafter set forth." (B) That the proceeds and income of said estate and such portion of the corpus as may be necessary if the income be not sufficient, be used and expended to give and provide for his wife, Lora M. Butler, proper living expenses, support, and maintenance not exceeding $250 per month, and for the expenditure of certain other funds for her use; and (C) For the setting aside of $1,000 to be used by the trustees at the death of his brother for the payment of the expenses of his last illness and funeral; and (2) Conferred upon the wife the power of appointment, which she never exercised.

Code (Ann. Supp.) § 108-111.1 provides: "A trust shall be executory, and the legal estate shall remain in the trustee, whether or not the beneficiary or beneficiaries be sui juris and

whether or not any remainder interest be created, so long as the trustee has any powers or duties in regard to the trust property such as to preserve or protect, to manage, to invest or reinvest, to collect income or proceeds, to sell or otherwise dispose of, to ascertain the objects or the beneficiaries, or to distribute income or principal." In *Cushman* v. *Coleman*, 92 *Ga.* 772 (1) (19 S. E. 46), it is held: "Where the terms of a conveyance by deed to a trustee are large enough to embrace the fee in the premises described, and this fee is carved up into an estate for life in favor of one beneficiary and a remainder in behalf of other beneficiaries, who are uncertain and unascertained, the instrument should be construed as clothing the trustee with full title, and the title as to the remainder should be considered as abiding in him so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time, the trust is executory, and the remainder is an equitable, not a legal, estate." See also, to the same effect, *Watts* v. *Boothe*, 148 *Ga.* 376 (96 S. E. 863), overruling former decisions of this court to the contrary; *Woodbery* v. *Atlas Realty Co.*, 148 *Ga.* 712 (98 S. E. 472); *Burton* v. *Patton*, 162 *Ga.* 610 (134 S. E. 603); *Mason* v. *Young*, 203 *Ga.* 121, 122 (2, 3) (45 S. E. 2d 643). In Redfearn on Wills and Administration of Estates in Georgia, p. 327, § 189, it is said: "In creating a trust estate, the owner of the property of which the trust estate is constituted parts with all rights to it as effectually as if he had sold and conveyed it to another person in an ordinary business transaction."

Applying the foregoing principles of law to the will here involved, it appears that the testator did not convey a life estate to his wife. He created an executory trust for the benefit of his wife for life, with power of appointment by will in her as to the residue, and with no provision as to the disposition of the residue upon her failure to exercise such power. Who, then, is entitled to the residue upon the death of the cestui que trust, the heirs of the testator as of the date of his death, or the testator's heirs as of the date of the death of the cestui que trust? If the former, the judgment of the trial court is correct, for at the time of the death of the testator his wife was his sole heir at law, they having no children. If the latter, then the judgment of the trial court is erroneous, for, after the death of the cestui que

trust, the testator's sole heir at law was his brother, Olin E. Butler (the plaintiff in error here).

The testator here having created an executory trust, vesting the full title to property of the testator in the trustees, no right of reversion or other interest whatsoever remained in the testator at the time of his death which could be inherited by his wife. Upon the failure of the life beneficiary to exercise the power of appointment, a resulting trust by operation of law was created upon her death, reinvesting the property in the estate of the testator, and the heirs of the testator must be determined as of the date of the death of the wife, and not at the time of his death. Code §§ 108-106 (4), 108-110; Redfearn on Wills and Administration of Estates in Georgia, p. 318, § 181; Blount v. Walker, 31 S. C. 13 (9 S. E. 804); In re Mooney's Estate, 131 Neb. 52 (267 N. W. 196); Dennis v. Omaha Nat. Bank, 153 Neb. 865 (11) (46 N. W. 2d 606, 617). See also Annotation in 92 A. L. R. 363. The trial judge, therefore, erred in directing the trustee to distribute the residue of the testator's estate to the heirs of Lora M. Butler, and should have directed its distribution to Olin E. Butler, the brother and only heir at law of the testator at the time of the death of the life beneficiary.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Wyatt, P. J., who dissent.*