23163. DEVITT et al. v. CLOSE et al.

ARGUED OCTOBER 11, 1965—DECIDED DECEMBER 6, 1965.

*Cook & Palmour, A. Cecil Palmour,* for appellants.
*Burton Brown,* for appellees.

COOK, Justice. The petition of Vernon Close and Dr. Richard C. Shepard, alleging that they "are parties interested in a certain trust which comprises approximately 6,500 acres of land more or less, in Walker County, Georgia, [describing it]," seeks the removal of two nonresident trustees, Dave Turner and James

S. Devitt, both of Fort Lauderdale, Florida, and the appointment of a new trustee. It is asserted that the nonresident trustees have failed to comply with any of the provisions of *Code Ch.* 108-6, as amended by Ga. L. 1961, pp. 207-213. It is alleged that under the provisions of Ga. L. 1953, pp. 178, 180 (*Code Ann.* § 108-705) the trustees are acting in violation of law in failing to register with the Secretary of State of Georgia, as provided by Ga. L. 1953, pp. 178, 179 (*Code Ann.* § 108-701), and "the office of trustee is thereby deemed vacant, and petitioners are entitled to have a new trustee appointed, as provided in Title 108, Section 315, Georgia Code Annotated (Acts 1861, p. 32; Acts 1951, p. 324; Acts 1964, p. 270)."

The two persons alleged to be nonresident trustees filed a general demurrer to the petition, and this demurrer was overruled. They have designated this ruling as error in their appeal to this court.

The Code section under which the petitioners seek the removal of nonresident trustees uses broad language in providing that in "all cases of any trust," where the sole or surviving trustees shall have become disqualified, the superior courts have full power and authority "upon the petition of two or more of the parties interested in such trust or upon the petition of the sole party at interest" to appoint a new trustee or trustees. *Code* § 108-315, as amended by Ga. L. 1959, p. 324; and Ga. L. 1964, p. 270.

We can not conclude, however, that petitioners coming into a court of equity seeking the summary removal of trustees, and the appointment of a new trustee, are relieved by such language from revealing the essential facts which entitle them to this relief. The petition in the present case alleges that the petitioners are "parties interested in a certain trust." Certainly the interest contemplated by *Code* § 108-315, as amended, is an interest recognized in a court of equity. The petition does not allege that the petitioners are beneficiaries under the trust. Their interest may be one that would give them no right to institute a proceeding for the removal of trustees and the appointment of a new trustee.

The petition describes the property which comprises the

trust, but describes the nature of the trust only by the words "a certain trust." It is not alleged whether the trust is express or implied. The only possible clue that is given as to the nature of the trust is that it is alleged that these trustees have failed to comply with the provisions of Chapter 108-6 of the Code. It might thus be assumed that the trust involved is that type of trust provided for in *Code* § 108-601, as amended by Ga. L. 1961, pp. 207, 209. *Code* § 108-603 provides that such trustees "may resign or be removed, and their successors may be appointed in the manner and in accordance with the terms fixed by the deed creating such estate; . . ." None of the terms or provisions of a trust deed is alleged in the petition.

"All suits in the superior courts of this State, for legal or equitable relief or both, are instituted by petition, in which the pleader is required to allege his cause of action plainly, fully, and distinctly. *Code* § 81-101. Essential allegations will be neither implied nor presumed, but must be distinctly averred; otherwise, the petition is defective." *Ewing v. Paulk,* 208 Ga. 722 (1) (69 SE2d 268).

*Code* § 108-315, as amended, deals only with a situation "where the sole or surviving trustee" has become disqualified in some manner. The petition in the present case does not allege that the two nonresident trustees are the "sole or surviving trustees" and the petitioners therefore do not show that the provisions of *Code* § 108-315, as amended, are applicable. "Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (1) (94 SE2d 736).

The petition does not state a cause of action for the removal of trustees and the appointment of a new trustee, and the trial judge erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*