23370. DEVITT et al. v. CLOSE et al.

ARGUED FEBRUARY 14, 1966—DECIDED MARCH 10, 1966.

*Cook & Palmour, A. Cecil Palmour,* for appellants.

*Burton Brown,* for appellees.

COOK, Justice. On May 26, 1965, Vernon Close and Dr. Richard C. Shepard filed a petition in the Superior Court of Walker County, asserting that they are parties interested in a trust consisting of described land. They sought the removal of two nonresident trustees, Dave Turner and James S. Devitt, and the appointment of a new trustee. This court held that the petition failed to state a cause of action and that the trial judge erred in

overruling the general demurrer to the petition. *Devitt v. Close*, 221 Ga. 555 (146 SE2d 286).

Before the remittitur from this court was made the judgment of the trial court, the petitioners amended their petition by striking all but the first paragraph of the petition, and inserting new paragraphs, alleging: They are owners of certificates of participation in a real estate mortgage loan issued by Pigeon Mountain Properties, Inc., in the purported amount of $425,000, to Dave Turner, William Douglas Jenkins-Handley, and John H. Campbell, Jr. The terms and conditions of the certificates are shown by a copy thereof attached as an exhibit. The interest of petitioner Close in the trust estate and certificates of participation is $50,000, and the interest of petitioner Shepard is $1,000, for which the petitioners paid full value. The defendants are nonresidents of the State of Georgia (residing in Fort Lauderdale, Florida), and are attempting to exercise dominion and control over the trust property, "contending they are the sole and surviving trustees thereof when in truth and fact, defendants are disqualified as trustees thereof by reason of the facts hereinafter alleged." The defendant Turner and William Douglas Jenkins-Handley were the trustees originally designated under the provisions of the certificates of participation, and since approximately July, 1961, the defendant Devitt has acted as trustee in the place of William Douglas Jenkins-Handley, who is deceased, without being designated as such as provided in the certificates of participation and without qualifying in any manner whatsoever. The defendants and William Douglas Jenkins-Handley have been guilty of acts of gross mismanagement of trust, and have failed to abide by the express terms of the trust as set forth in the certificates of participation in described particulars. The defendant Turner, William Douglas Jenkins-Handley, deceased, and John H. Campbell, Jr., comprised the three grantees of the mortgage in which the certificates of participation were issued, and they were also the sole officers of the grantor, Pigeon Mountain Properties, Inc., and the grantees never paid the sum of $425,000 to Pigeon Mountain Properties, Inc. Within the knowledge of the petitioners, a trust deed or trust instrument was never executed between the defendant Tur-

ner, William Douglas Jenkins-Handley, and John H. Campbell, Jr., as holders of a mortgage from Pigeon Mountain Properties, Inc., and the defendant Turner and William Douglas Jenkins-Handley, as trustees. The defendants and William Douglas Jenkins-Handley sold certificates of participation indiscriminately for whatever sums they would bring. On August 6, 1964, the defendants, after going through the forms of a foreclosure proceeding, sold the property secured by the security deed to themselves as trustees for the benefit of the holders of participation certificates for $607,750, but did not pay any sum whatsoever for the property. Under the provisions of *Code* § 108-701 et seq. the defendants never legally qualified under the laws of Georgia as trustees and the office thereof is vacant by operation of law. Because of the facts alleged, the defendants are disqualified to act as trustees and the petitioners are entitled to the appointment of a new trustee. The prayers were: that the amendment be allowed; that the office of trustee be declared vacant, and a named person be appointed as successor trustee; that the court enter necessary orders to secure for the new trustee the records of the trust; that the defendants be required to render a full accounting of the funds coming into their hands to the trustee appointed by the court; that the court declare a legal and equitable title to the trust estate to be in the trustee appointed by the court; and for further relief. The trial judge overruled the general and special demurrers of the defendants to the amended petition, and the appeal is from this judgment.

When the case was formerly before this court the petition was entirely inadequate to show that the petitioners were entitled to the removal of trustees. This court pointed out several particulars in which the petition was deficient, three of these being that the type of trust was not alleged, that the interest of the petitioners was not shown, and that the petition did not show that *Code* § 108-315 would be applicable, which section deals only with a situation "where the sole or surviving trustee" has become disqualified. In the amended petition these deficiencies of the original petition have been corrected.

In the former decision of this court it was said: "The only possible clue that is given as to the nature of the trust is

that it is alleged that these trustees have failed to comply with the provisions of Chapter 108-6 of the Code. It might thus be assumed that the trust involved is that type of trust provided for in *Code* § 108-601, as amended by Ga. L. 1961, pp. 207, 208. *Code* § 108-603 provides that such trustees 'may resign or be removed, and their successors may be appointed in the manner and in accordance with the terms fixed by the deed creating such estate; . . .' None of the terms or provisions of a trust deed is alleged in the petition." *Devitt v. Close*, 221 Ga. 555, supra.

In the amended petition it is shown that the trust alleged is an investment trust provided for in *Code Ch.* 108-6. The petition makes no unequivocal allegation as to whether any trust instrument was ever executed. In one paragraph it is asserted that no trust deed or trust instrument was made between named persons. One of the allegations of mismanagement on the part of the trustees was the failure to file a certified copy of the trust deed in the offices of the Secretary of State and the clerk of the superior court, in accordance with law.

The petition has attached to it an unexecuted form of "Certificate of Participation in Real Estate Mortgage Loan." The interest which the petitioners assert in the trust is as owners of such certificates. The copy of certificate attached shows that the trustees are the defendant Turner and William Douglas Jenkins-Handley, residing in Fort Lauderdale, Florida. In the last paragraph of this certificate it is provided: "In the event of inability of either trustee to serve by reason of death, resignation, or any cause whatsoever, his successor shall be designated by the affirmative written vote of the holders of certificates representing participation to the extent of at least two-thirds of the then outstanding principal amount of said note. In the event of the inability of the holders of participation certificates so to designate a successor trustee, such trustee shall be named by the Superior Court, Walker County, Georgia, upon application of the holder of any participation certificate."

The petition fails to show any attempt on the part of the petitioners to follow the procedure provided in the certificate for naming a successor to the trustees. The power and authority of the superior courts under *Code* § 108-315 (as amended

by Ga. L. 1959, p. 324; Ga. L. 1964, p. 270), to appoint new trustees where the sole or surviving trustee has become disqualified in some manner can not be exercised where the trust instrument provides the method of appointment of successors (see *Mason v. Young*, 203 Ga. 121 (3a) (45 SE2d 643)), unless some reason appears that the method provided by the trust instrument can not be followed.

In so far as the petition alleges acts of mismanagement on the part of the defendant Turner, who was one of the original trustees, it does not state a cause of action for naming his successor, since no reason appears for failure to follow the method of naming a successor as set out in the certificates of participation under which the petitioners claim. It is unnecessary to consider the allegations in regard to the defendant Devitt not being designated in the manner provided in the certificates, since the relief sought is the declaration that the office of trustee is vacant, so that a new trustee may be named.

It is asserted in the petition that the defendants never legally qualified under the provisions of Ga. L. 1953, pp. 178-180 (*Code Ann. Ch.* 108-7) and that the office is vacant by operation of law. In § 5 of the Act (*Code Ann.* § 108-705) it is provided that "it shall be unlawful for any nonresident trustee who has failed to comply with this law to exercise any dominion over any such lands . . . and such trusteeship shall be deemed vacant and a new trustee shall be appointed as provided in Chapter 108-3." The caption of the Act states that its purpose is "to require all foreign trustees as to lands in this State to designate an agent for service, etc." The body of the Act makes no such requirement. The provisions as to designation of an agent for service are in § 1 (*Code Ann.* § 108-701), as follows: "Any foreign trustee as to lands in this State who shall continue to hold, administer or in any manner exercise dominion over the same after May 1, 1953, shall be deemed to have consented that any summons, notice or process in connection with any action or proceedings in the courts of this State growing out of or based upon any act or failure to act on the part of such trustee may be sufficiently served upon the Secretary of State of this State unless such trustee shall desig-

nate and keep designated some person or persons who may be found and served with notice, summons or process in this State, as the agent or agents of such service, by a designation or designations to be filed, from time to time, in the office of said Secretary of State, giving the names of such agent or agents and the place or places in this State where such agent or agents may be found and served." This section merely provides alternate methods of service on foreign trustees, and requires nothing except that such trustees "be deemed to have consented" to be served by service upon the Secretary of State, unless they have designated an agent for service. The other provisions of the statute make no requirements of foreign trustees. Since no requirements are made, a trusteeship can not be "deemed vacant and a new trustee . . . appointed," for failure to comply with the 1953 Act.

The amended petition failed to state a cause of action, and the trial judge erred in overruling the renewed general demurrers.

*Judgment reversed. All the Justices concur.*