**In re VALLES MECHANICAL INDUSTRIES, INC., Debtor.**

**Robert TRAUNER, Trustee, Plaintiff,**

**v.**

**TRUST COMPANY BANK, Defendant.**

Bankruptcy No. 81–02699A.

Adv. No. 81–1436A.

United States Bankruptcy Court,
N. D. Georgia.

June 28, 1982.

Robert Trauner, Atlanta, Ga., for plaintiff.

G. Lemuel Hewes, B. Knox Dobbins, King & Spalding, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the plaintiff's Motion for Summary Judgment and the defendant's Motion to Dismiss or in the Alternative, Summary Judgment. These motions arise out of the plaintiff's complaint alleging that a transfer from the plaintiff to the defendant in the amount of $50,896.84 is a voidable preference pursuant to 11 U.S.C. § 547. The defendant, in its Motion to Dismiss for Lack of Subject Matter Jurisdiction, contends that because the filing of the debtor's Chapter 7 petition was without proper corporate authorization, a dismissal of the debtor's petition is mandated.

The facts in the instant case are as follows: On February 11, 1981, Trust Company Bank ("TCB") made a cash advance of $6,536.00 pursuant to the terms of a master promissory note in the principal amount of $100,000.00 executed by Valles Mechanical Industries, Inc. ("Valles") on November 5, 1980. This loan advance was the last of several advances that had been made by TCB to Valles. On March 8, 1981, Valles executed a promissory note in the principal amount of $100,000.00 to TCB. The promissory note had a maturity of ninety days and was given as a refinancing of a prior promissory note that had matured on March 8, 1981. On April 14, 1981, Valles' operating account was debited by TCB in the sum of $50,896.84. This sum was used to effect a principal reduction of $49,611.53 and an interest payment of $1,285.31 under the March 8, 1981 note. Authorization for this method of transfer (this method having been used before) was given by Al Swindler, an employee of Stephenson Associates, Inc. ("Stephenson"). Stephenson was a sub-contractor of Valles.

On July 2, 1981, Valles filed its voluntary petition under Chapter 7 of the Bankruptcy Code. On July 6, 1981, a special meeting was called of Valles' Board of Directors, at which time the debtor's Chapter 7 petition was ratified. At this meeting, the debtor's Board of Directors consisted only of James Rodney Wallis and his wife, Mary R. Wallis. At the time of the July 6, 1981 meeting, the stock of Valles was held as follows: 20% by James Rodney Wallis and 80% by J. T. Hinson, as Trustee for two beneficiaries.

The first of the two issues presented in this case is whether the special meeting of the Valles' Board of Directors called on July 6, 1981 was valid under *Ga.Code Ann.* § 22–702(a). *Ga.Code Ann.* § 22–702 provides that:

> "The number of directors of a corporation shall not be less than three, except that if all the shares of a corporation are owned beneficially and of record by less than three shareholders, the number of directors may be less than three but not less than the number of shareholders."

In Adversary Proceeding No. 82–0181A, which is related to this case, this Court held that any defects contained in Valles' Chapter 7 petition were remedied by ratification of the unauthorized acts of the debtor's president by its Board of Directors. The defendant has raised the question of whether ratification by the debtor's Board of Directors was valid.

█ The defendant contends that the number of Valles' stockholders exceeded the number of directors which invalidated any acts of the Board of Directors. The defendant bases this argument on the fact that J. T. Hinson, as Trustee, holds Valles' stock for two beneficiaries, and thus counts as two stockholders. These two beneficiaries when combined with James Rodney Wallis would have constituted three shareholders, thereby rendering any act by Valles' Board of Directors invalid.

Georgia law provides that:

> "In creating a trust estate legal title to property conveyed vests in the trustee, and the equitable title in cestui que trust for whom trust was created." *Mason v. Young*, 203 Ga. 121, 45 S.E.2d 643 (1947).

The number of stockholders of a corporation is based on in whom legal title to that stock is vested. In the case *sub judice*, legal title was vested in the trustee and not the beneficiaries; and, therefore, the ratification of the debtor's petition by the Board of Directors on July 6, 1981 was valid since there were two stockholders and two directors.

█ The second issue presented in this case is whether the $50,896.84 transfer from Valles to TCB on April 14, 1981 is a voidable preference within the ambit of 11 U.S.C. § 547. The defendant has alleged that the transfer falls within the exception to 11 U.S.C. § 547(b) contained in 11 U.S.C. § 547(c)(2). Section 547(c)(2) of the Bankruptcy Code exempts from recovery by the trustee transfers of property that otherwise would be preferential

> "(2) to the extent such transfer was
>
> (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
>
> (B) made not later than 45 days after such debt was incurred;
>
> (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>
> (D) made according to ordinary business terms." 11 U.S.C. § 547(c)(2).

The defendant contends that each element of § 547(c)(2) of the Bankruptcy Code has been fulfilled, thus removing the transfer from recovery by the plaintiff. The defendant alleges that the subject debt was incurred on March 8, 1981 which, with an April 14, 1981 payment, was a transfer within forty-five days after the debt was incurred. However, this Court is of the view that the cash advances made prior to and on February 11, 1981 totaling $77,536.00, and not when the promissory note was reamortized on March 8, 1981, is when each debt was incurred. A debt is incurred on the date when the debtor first assumes an obligation to pay. See *Trauner, Trustee v. Stephenson Associates, Inc. (In re Valles*

*Mechanical Industries, Inc.*), 20 B.R. 350 (Bkrtcy.N.D.Ga., 1982). This situation is analogous to the sale and delivery of goods on open account. For example, under a net 30 payment schedule, even though there are 30 days to pay for the goods, the debt is incurred when the goods are delivered. See *Trauner, Trustee v. Stephenson Associates, Inc.* (*In re Valles Mechanical Industries, Inc.*), *supra.* In the instant case, Valles assumed a legal obligation to pay on the date of each cash advance and not when the note was renewed on March 8, 1981. The question of whether this transfer was in the ordinary course of business and whether Mr. Swindler has the authority to make said transfer are mooted by the determination that the subject transfer is not within the exception to § 547(b) of the Bankruptcy Code contained in § 547(c)(2)(B).

Therefore, the plaintiff's Motion for Summary Judgment is granted and the defendant's Motion to Dismiss and in the Alternative, Summary Judgment is denied.

IT IS SO ORDERED.