## 20668.   HARDISON *v.* BRIDGES.

WYATT, Presiding Justice. The instant case, which originated as an application by M. H. Hardison for appointment as administrator cum testamento annexo, de bonis non, on the estate of George W. Hardison in the Court of Ordinary of Houston County, and a caveat thereto, requires a construction of Item 4 of the will of George W. Hardison. This Item 4 reads as follows: "I give, bequeath and devise to my daughter, Mary Etta Hardison, a one-third undivided interest in all the real estate I may die possessed of—also one-half of all my household goods and kitchen furniture. Provided, however, if she should die after marriage, if she ever marries, and without children of her body, the property so given, bequeathed, and devised shall revert to my estate and be divided among my children, or their legal representatives equally, per stirpes." Mary Etta Hardison died without marrying and without children. It is admitted that the real property devised in the above provision of the will is the only property that could possibly be in the estate of George W. Hardison to be administered upon at this time. The question, therefore, is whether there was a reversion to the estate of George W. Hardison,

as contended by the applicant, or, whether at the death of Mary Etta Hardison without marrying, the estate became a fee-simple estate in the successors of Mary Etta Hardison, as contended by the caveatrix. Both the Court of Ordinary and the Superior Court of Houston County found in favor of the caveatrix, and denied the application for administration. A motion for new trial and a motion for a judgment notwithstanding the verdict were made in the Superior Court of Houston County and overruled. The exception here is to these judgments. *Held:*

The provision of the will here in question is subject to only one construction. This is that it devised to Mary Etta Hardison a defeasible fee in her portion of the real estate, which was subject to be divested upon the happening of two events, to wit: (1) that Mary Etta Hardison should die after marriage, and (2) that she should die without children of her body. Mary Etta Hardison died without marrying and the possibility of one of the events necessary to divest her interest, that is, death after marriage, became extinct, and, of course, the possibility of divestment likewise became extinct. The estate, therefore, did not and now can not revert to the estate of George W. Hardison, but became a fee-simple estate in the successors of Mary Etta Hardison. There was, therefore, nothing in the estate of George W. Hardison to be administered upon, and the judgments of the court below denying the motion for new trial and the judgment notwithstanding the verdict were not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 13, 1959—DECIDED NOVEMBER 4, 1959.

*W. B. Mitchell,* for plaintiff in error.

*W. D. Aultman,* contra.