## 27580. RUSHIN v. WOODARD et al.

GUNTER, Justice. This appeal involves the construction of a will probated in 1918. The will of the testator left 203 acres of land to his daughter, and it then provided: "I will that should my daughter die without husband, and without heirs of her body, then said land shall become the property of my wife, Mary Lee Rushing, if living, if dead at such time, then to revert to my estate . . ."

When the daughter died, she had a husband living, but she had not had any children. The testator's wife predeceased the testator's daughter.

The daughter left a will devising the land in question to certain named devisees. The issue to be decided here is whether the land went to the devisees named in the daughter's will, or whether the land reverted to the testator's estate for distribution in accordance with the terms of the testator's will.

The trial court construed the language in the testator's will to mean that the daughter was left a base or qualified fee in the land, such base or qualified fee being subject to defeat or termination upon the happening of two events: (1) the daughter dying without a husband, and (2) the daughter dying without heirs of her body. The trial court concluded that since the daughter died, leaving a living husband, the base or qualified fee was not defeated, there was no reversion of the land to the testator's estate, and the devisees named in the daughter's will took the land in accordance with the terms of the daughter's will.

The appellant's contention here is that, conceding that the language in the testator's will created a base or qualified fee in the daughter, such base or qualified fee was defeated because the daughter had not had and did not have "heirs of her body" at the time of her death. The contention is that the contingency necessary to

defeat the base or qualified fee in the daughter did occur; that contingency was not "having heirs of her body"; and since she did not have "heirs of her body," the base or qualified fee in the daughter was defeated, and the land reverted to the estate of the testator.

We agree with the trial court and affirm the judgment below. Since the daughter died leaving a living husband, the base or qualified fee was not defeated, and the estate in the land owned by the daughter at the time of her death was a fee simple estate which went to her devisees. See *McDonald v. Suarez,* 212 Ga. 360 (93 SE2d 16) (1956), *Hardison v. Bridges,* 215 Ga. 562 (111 SE2d 238) (1959), and Redfearn on Wills (3d Ed.) § 174.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 14, 1972 — DECIDED MARCH 8, 1973.

*Joe W. Rowland,* for appellant.

*Davis & Gregory, Hardy Gregory, Jr., T. Hoyt Davis, Jr.,* for appellees.